## No. 13,305.

J. T. PHILLIPS AND W. B. SPENCER VS. W. T. ADAMS MACHINE COMPANY.

### SYLLABUS.

1.  Where a non-resident litigant invokes the jurisdiction of one of the courts of this State, and obtains an order of seizure and sale, he will not be heard to deny the authority of the same court to enjoin the seizure so ordered, on the ground that it was without jurisdiction *ratione personae*. And when, in such a cause, a *curator ad hoc* is appointed to represent the plaintiff in executory process, as defendant in injunction, and a default is properly entered as against such curator, the plea to jurisdiction, thereafter filed, comes too late.

2.  There is no conflict between the plea of "failure of consideration," and the plea of "compensation," in the alternative, as against the claim sued on, to the extent that it may be found that the consideration has not failed.

3.  Failure of consideration may extinguish an obligation and is a ground for enjoining executory process under Article 739 of the Code of Practice.

4.  Where the failure of consideration is partial, the seizure should be enjoined only to the extent thereof, but not to cover an unliquidated claim for consequential damages.

A PPEAL from the Tenth Judicial District, Parish of Rapides. *Hunter, J.*

---

*Robert P. Hunter* and *Horace H. White* for Plaintiffs, Appellants.

---

. *White & Thornton* and *Leven L. Hooe* for Defendants, Appellees.

---

The opinion of the court was delivered by

MONROE, J. This is a proceeding by injunction to stay executory process, which had been applied for by the W. T. Adams Machine Co., upon three notes of $714.29 each, secured by mortgage.

Phillips et al. vs. Adams Machine Co.

The order for the issuance of the writ had been made and notice of the seizure had been prepared, though not served, when the injunction was applied for, and issued. The plaintiffs in injunction are the makers of the notes sued on, and the plaintiff in the threatened seizure is the original payee and holder of said notes.

The petition for injunction represents that the defendant, a corporation created under the laws of Mississippi, and domiciled at Corinth, has sued out an order of seizure and sale, etc.; that the notes sued on were "given in reference to, and to secure payment of part of the purchase price of certain saw mill machinery; * * * that only part of the machinery was ever delivered; that a large part of that which was delivered was defective; that the machinery was not matched and could not be put up without alteration, that there was an overcharge of freight on it, amounting to over $117, which defendants agreed to pay; that petitioners were put to great expense in altering and arranging the machinery, and that there has failed to be any valuable consideration given by defendants for said notes; they further show, that, on account of said defects, and on account of great and unnecessary delays, and of carelessness on the part of the defendant, in shipping said machinery, they have sustained a loss of four thousand eight hundred dollars, for three months' enforced idleness of their saw mill, for which said machinery was purchased, * * * and that the total loss which they have sustained, amounts to the sum of $5,038.00 * * *

"That all consideration for said notes has failed, that they have been legally extinguished; and that, if any amount is due on them, said amount has been fully compensated by the items above set forth, and they specially plead compensation to the value, if any, that the court may find the machinery to be worth over the amount they have already paid for it, and they show and plead in reconvention, that defendants owe them the sum of $5058.00, and attorney's fees, in the sum of $200.00, for the suing out this injunction."

To this petition is attached an itemized bill for labor in putting up machinery, cost of additional pieces, freight charges and loss of time, amounting to $4800.00.

The defendant filed certain exceptions, some of which were maintained, and the injunction was dissolved, and the suit dismissed. These exceptions will be considered *seriatum,* and are as follows, to-wit:

"1.   That your honorable court is without jurisdiction in the matter, defendants being residents of Mississippi and in no way subject to the jurisdiction of your said court, under the aforesaid proceedings."

It is argued, in support of this exception, that, as no property was seized, and the defendants are non-residents, they are not subject to the jurisdiction of the court, for the purposes of the injunction; that the injunction was prematurely issued, and that the proceeding, being a separate suit from that in which the writ of seizure and sale was applied for, the reconventional demand does not lie.

This, in our opinion, is purely an exception to jurisdiction *ratione personae,* which, if decided in favor of the exceptor, would have left the lower court without jurisdiction to determine the other questions suggested in the brief.

The plaintiff in the executory proceeding invoked and voluntarily submitted itself to the jurisdiction of the court *a qua.*   If that court had jurisdiction to order the issuance of a writ for the seizure of the property of the plaintiffs in injunction, it had jurisdiction to regulate or restrain the execution of said writ; in fact, as the property to be seized appears to lie in the parish of Rapides, no other court had jurisdiction in the premises.   Under these circumstances, it may be added, that issue was properly joined by the default, taken, after service on the *curator ad hoc* appointed to represent the plaintiffs in the proposed seizure, and the exception, as filed, came too late.   C. P., 333.

Tegarden vs. Powell, 15th Ann., 184.

"2.   That the allegations set forth in the plaintiff's petition, viz., 'want of valuable consideration', and 'compensation', are inconsistent, conflicting, contradictory, and self-destructive, the one denying the correctness of the other."

We do not understand the plaintiffs in injunction as setting up an original want of consideration; on the contrary, we think the plain meaning of the petition is, that there was a consideration for the notes when they were given, which consisted of the obligation assumed by the Machinery Company, to deliver certain machinery upon certain conditions, and that, by reason of the failure of said company to comply with that obligation, there has been failure of said consideration. And the plea of compensation is set up as an alternative to the plea of total failure of consideration, and, in case the court should hold that there has been only a partial failure, as a set-off to so much of

the claim sued on, the consideration for which, it may be determined, has not failed. We find no conflict, or inconsistency in this pleading.

"(3). That, were the allegations of plaintiff's petition not self-destructive, the first plea, or allegation contained therein 'that there has failed to be any valuable consideration given by defendants for the mortgage notes, under which executory process issued in the suit of W. T. Adams Machine Co. vs. J. T. Phillips and W. B. Spencer, numbered 4829 on the docket of your said court' is not sufficient or legal ground for the granting of an injunction."

This exception must pre-suppose, or assume that "failure of consideration", is not a legal ground, under Article 739, C. P., for the issuance of an injunction to stay executory process. If this proposition be sound, then the Machinery Company, having received notes, secured by mortgage, and, as a consideration therefor, having contracted an obligation thereafter to deliver machinery, might withhold the machinery entirely and yet the makers of the notes would be helpless to prevent the seizure and sale of the property mortgaged.

We do not think the law susceptible of a construction which would bring about such a result. It reads: "Art. 739. The debtor can only arrest the sale of the thing thus seized by alleging some of the following reasons, to-wit.:"

* * * * * *

"3. That it has been extinguished by transaction, novation, or some other legal manner."

It is very clear to us that the failure of the payee of a note to fulfil the obligation which constitutes the consideration for which the note was given extinguishes, in a legal manner, the obligation of the maker of the note to pay it. If, as the defendant's counsel assume, in the brief filed by them, the injunction had issued upon the allegation that there was an original want of consideration for the notes, their position would be stronger, and the authorities cited by them, pertinent. For, such an allegation would come in direct conflict, not only with the presumption arising from the existence and possession of the notes, but with the acknowledgment to the contrary witnessed by the authentic act of mortgage, and could only be entertained when coupled with an allegation of error or fraud. Besides, it might be argued, with much force, that to allege that a debt never existed, because there was never a consideration for it, would take the case from within

the paragraph of Article 739, which has been quoted, since it cannot be said of that which never existed, that it has been extinguished. "Destruction presupposes existence or being; it is impossible to extinguish nothing." Hodgson vs. Hoth, 33rd Ann., 945. Upon the other hand, to allege that the obligation or promise, which constitutes the consideration for which the notes were given, and the mortgage executed, had failed of fulfillment, in whole or in part, involves nothing impossible, absurd, or inadmissible as a matter of proof.

"4. That, even if the plea of compensation should not be inconsistent with, and contradictory to the plea of 'want of valuable consideration', an unliquidated claim, such as is set up in the plaintiff's petition, can not be pleaded in compensation, or set up as the ground for the issuance of an injunction in executory proceedings."

If the plaintiffs in injunction, having alleged that the notes sued on were given in consideration of the obligation and promise of the Machinery Company to deliver certain machinery, had also alleged that none of the machinery had been delivered, and that they were not therefore liable on the notes, such a defense could hardly be called a plea in compensation; and so, in the case as it stands, where it is alleged, not that the defendant failed wholly to deliver the machinery, but that it failed to comply with its obligation under the contract sued on, in that it failed to deliver part of the machinery; that a large part of that which was delivered was defective, and that it failed to pay certain freight for which it was liable under its contract, the defense cannot be regarded as a plea in compensation, but as an averment or claim by way of defense, that the obligation to pay the notes was *pro tanto* extinguished and discharged. The plea of compensation addresses itself to so much of the obligation upon the notes as was not thus extinguished, including the claim for time lost in the mill, attorney's fees, and material, or additional parts of machinery, together with labor in adjusting and putting same together, except in so far as such material, parts, and labor, were rendered necessary, by the failure of the defendant to deliver the machinery, as called for by its contract; and these claims are obnoxious to the objection which is urged against them, i. e. that they are not equally liquidated as the claim sued on by the defendant. The article of the Civil Code, and some authorities bearing on the subject are to the following effect:

"Article 2209. Compensation takes place between two debts * * * which are equally liquidated and demandable."

"A claim for damages can not be pleaded in compensation to a note." Pike, Lapeyre & Brother vs. Wells, 24th Ann., 208.

"Plaintiff's claim on a note can not be offset by open accounts not acknowledged by him." New Orleans Gas Co. vs. Hill, 2nd Ann., 402.

Coleman vs. Marble, 9th Ann., 476.

Defendant, when sued on his note, cannot plead in compensation and payment, an account for work and labor done, where plaintiff has not agreed to pay a fixed price for the work, nor acknowledged the correctness of the account."

Bogert vs. Egerton, 11 Ann., 73.

See also Goldman vs. Goldman & Masur, 47th Ann., 1463.

Upon the other hand, it is equally well sustained by reason, as well as authority, that, if the consideration for which a note was given thereafter fails, there can be no recovery on the note, in the hands of the original holder, and if it fails in part, the holder can only recover *pro tanto,* and to the extent that there has been no failure.

Kernion vs. Jumonville, 8th La., 547; Clark vs. O'Neal, 13th Ann., 381.

See, also, the cases of Barrow vs. Cazeaux, 5th La., 75, and Rucker vs. Liddell, 5th Ann., 577, being injunctions against executory process.

We are of opinion, therefore, that the plaintiffs were entitled to enjoin the seizure to the extent of the alleged failure in the consideration of the notes sued on, but that it was properly dissolved in other respects. C. P., 743; Hen. Digest, Vol. 1, p. 665 (2), No. 3.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided, and reversed in so far as it dissolved the injunction restraining the threatened seizure of the plaintiff's property for the recovery of the amount of the notes sued on, to the extent that the consideration for which said notes were given is alleged to have failed, to-wit, to the extent of the alleged value of the machinery, which was not delivered, of the alleged cost of putting in order machinery, which, being delivered, was defective and mismatched; and of the alleged overcharge in freight; and in so far as it dismissed plaintiffs' suit, and, in other respects that said judgment be affirmed.

It is further ordered that the case be remanded to the court *a qua* to be proceeded with in accordance with the views expressed in this opinion, the costs of the appeal to be paid by the defendant and appellee, and the costs of the lower court to await the final decision of the cause.