No. 9698.
Orleans Appeal.

UNITED MOTOR CO., INC., v. EDWARD T. DRUMM, Appellant.

(March 16, 1925, Rehearing Granted.)
(May 11, 1925, Opinion and Decree on Rehearing.)

*(Syllabus by the Court.)*
1. Louisiana Digest—Executory Process— Par. 54, 56.
An allegation to the effect that the consideration of the mortgage note has failed is within the contemplation of the third paragraph of Art. 739 C. P., which authorizes an injunction without bond upon the ground that the debt "has been extinguished by transaction, novation or some other legal means."

Appeal from Civil District Court, Hon. Percy Saint, Judge.

Reversed and remanded on a rehearing.

M. R. De Reyna, Carbajal & Gaudin, attorneys for plaintiff and appellee.

Puneky & Barrios, attorneys for defendant and appellant.

(OPINION ON REHEARING)

WESTERFIELD, J. In our former opinion and decree we held that plaintiff in injunction had only set up one of the grounds for injunction without bond as provided in Art. 739 C. P., i. e., fraud, and that fraud not having been proven the injunction was properly dissolved. In this we were in error for, as counsel points out, the petition for injunction alleges the failure of the consideration for which the mortgage notes were given and such allegation has been expressly held to be within the third paragraph of Art. 739 which provides that the debtor can arrest the sale of the thing seized if the debt be "extinguished by transaction, novation or some other legal manner". Phillips vs. Adams Machinery Co., 52 La. Ann. 445, 27 South. 65.

An examination of the evidence offered in support of this allegation discloses its

inadequacy to sustain the burden of proof. However, the trial judge excluded certain testimony upon objection of opposing counsel which, if admitted, might sustain the contention of plaintiff in injunction. Counsel directs our attention to the fact that the evident purpose of offering the evidence was to support the allegation of fraud, and for this purpose it was not admissible and properly excluded by the trial court. Perhaps the young lady who acted as counsel for plaintiff in injunction would have declared her purpose in tendering the evidence with greater certainty as a more experienced brother (or sister) of the bar would have done but we think on the whole the interest of justice requires that the case be remanded for the purpose of affording counsel an opportunity to prove, if proof can be made, of the failure of consideration of the note sued on.

For the reasons assigned our former decree is set aside and it is now ordered that the case be remanded for further proceedings according to law and consistent with the views herein expressed.