**No. 10,208.**
**Orleans**

**UNITED MOTOR CAR COMPANY, INC., v. DRUMM, Appellant**

(January 18, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Sales—Par. 219, 232.**
   A purchaser of a second-hand, five-year-old automobile must expect the automobile to require such frequent repairs as its use and age suggests.

2. **Louisiana Digest—Sales—Par. 218.**

The clause "as is" when employed in a contract of sale of an automobile does not relieve the vendor of all warranty. But if the auutomobile is fit for the use for which it was intended and will run, the fact that frequent repairs are necessary and new parts required to keep it running does not void the sale upon the ground of failure of consideration, particularly when the automobile is sold as a second-hand, five-year-old machine.

Appeal from the Civil District Court, Division "A", Hon. Hugh C. Cage, Judge.

Action by United Motor Car Company, Inc., against Edward T. Drumm.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

M. R. DeReyna, Carbajal and Gaudin, of New Orleans, attorneys for plaintiff, appellee.

James L. Landry, Puneky and Barrios, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, defendant in injunction and appellee herein, seized under executory process a second-hand Peerless automobile belonging to the defendant, Edward T. Drumm, alleging an indebtedness of $501.01, with interest from June 9, 1923, at the rate of 8 per cent per annum until paid.

Drumm obtained an injunction without bond under C. P. 739 enjoining the seizure on the ground "that the United Motor Car Company, Inc., has not acquired a good, full, valid and lawful title to said notes, because the chattel mortgage executed had failed of fulfillment; that the representations and warranties were false and have not been fulfilled, and that the United Motor Car Company, Inc., became the owner and holder of said notes without a valuable consideration, through fraud or other fraudulent representations." It was further alleged that the chattel mortgage was not properly executed and that consequently there was no authentic evidence to justify the issuance of the executory process. On these issues the case was decided against the defendant Drumm, and, on appeal to this court, we held, under the number 9698 of the docket of this court, that an injunction could only issue without bond under C. P. 739 upon one of the grounds mentioned in that article and no other ground would be considered and that fraud was the only ground mentioned by defendant enumerated in C. P. 739, and as to that defendant had failed to establish it, consequently the injunction must be dissolved and the judgment appealed from affirmed. On rehearing we held in conformity with Phillips vs. Adams Machinery Company, 52 La. Ann. 445, that the allegation of failure of consideration for which the mortgage was given was comprehended by the terms of the third paragraph of Art. 739, which provides that the debtor can prevent the sale of the thing seized if the debt be "extinguished by transaction, novation or some other legal manner." We found, however, that defendant, the plaintiff in injunction, had been prevented from making proof of failure of consideration when he attempted to do so by the trial court and remanded the case to afford the defendant the opportunity to establish this defense.

The case was revived on this issue, and was again decided against the defendant, Drumm, and he has again appealed.

The sole question now before us is whether the notes sued on failed of consideration under the evidence presented on the second hearing.

Warranty is an implied condition in all sales. But the automobile in this case was, under express stipulation of the parties, purchased by the defendant "As is."

The use of these words in a contract of sale means, we take it, "as it is," and as applied to the automobile sold by plaintiff it was purchased "as it was." We would not wish to be understood as holding that the presence of these words in a contract of sale would amount to a waiver of all warranty by the purchaser. But, certainly, the phrase modifies the warranty implied. If, however, the thing ·sold, the automobile in this case is not fit for the use for which it was intended; for example, if it would not run, the fact that it was sold "as is" would not prevent a rescission of the sale for one of the characteristics of an automobile, as its name suggests, is the ability to run on its own power. In this case the automobile sold was five years old and second-hand. It has been proven that it required considerable mechanical attention to keep it going, but a five-year-old second-hand automobile usually does. As was well said by the learned judge a quo: "The fact that it is second-hand and has been used for several years carries with it the implication, like an old man 75 or 80 years of age, that the machinery is worn out and that the party buying it agrees to take a practically defective machine in order to get it for a very small price."

The automobile in this case did run, albeit with difficulty. It ran to Lafayette, La., and from there to New Iberia and back to New Orleans.

Mr. Drumm was mistaken in saying that he had the car not more than thirty days, for the evidence shows he had it several months before surrendering it to the plaintiff, or we should say abandoning it at the plaintiff's place of business. It had to be repaired frequently during that time, but we can not say that there was anything extraordinary in the condition of the car as delivered to defendant. It was simply an old car displaying the usual symptoms of approaching dissolution. A mechanic testifying in defendant's behalf, says: "The pump was leaking, the shaft was oblong and the liners were scoofed in." We are unable to entirely comprehend the significance of these automobile ailments, but they seem to be natural concomitants of age.

Our conclusions are that defendant has failed to prove failure of consideration of the notes sued and that consequently the judgment appealed from must be and it is. hereby affirmed.