## PERMENTEL v. MESSMER

———

(December 10, 1928.  Opinion and Decree.)
(January  7,  1929.  Rehearing  Refused.)

———

Prowell, McBride and Ray, and Welton P. Morton, of New Orleans, attorneys for plaintiff, appellee.

Jesse ·C. McGee, of New Orleans, attorney for defendant, appellant.

JONES, J.  Plaintiff sues for $150.00, amount of a certain post-dated check given by defendant to plaintiff as the purchase price of a second-hand Studebaker touring car.

The defendant admitted the sale and set up fraud and misrepresentation as a defense.

The trial court gave judgment for plaintiff and the defendant has appealed.

The sole issue before us is the question of fraud and misrepresentation.  On the trial of the case, after offering the post-dated check in evidence, which had a notation showing payment had been stopped, plaintiff rested.

The following statements are not contradicted:

It was a five-year-old Studebaker touring car, which would have cost new over $2,000.00; at the time of the sale it had on it three new tires worth $43.50 each, containing inner tubes worth $6.00, and the fourth tire was worth in the neighborhood of $25.00; on the day of the purchase, defendant's son-in-law, Bayard, who worked for him, having been brought down by Schaff, an employee of plaintiff, drove the car from plaintiff's place of business to defendant's place of business on Washington Avenue and Dryades Street, a distance of at least three miles, although it had to be stopped in order to have water put into the radiator, which was boiling, and for more gasoline; defendant was in the automobile business and did all kinds of repair work and owned at the same time another Studebaker car of the same kind as that sold herein; that no effort was made to run the car after it was put in the garage on the day of its arrival; and payment on check was immediately stopped.

The following facts are disputed:

Defendant's son-in-law, Bayard, testifies that he drove the car to defendant's place, stopping for water (as the radiator was boiling), and for gasoline, although there was a decided knock in the motor; that defendant listened to the car when it arrived and said it was far from satisfactory;

that later in the afternoon he telephoned Schaff, who said he would come and take the car away, if it was unsatisfactory.

Messmer, the defendant, testified that he knew that the body of the car was in pretty bad shape; that he did not test the motor when he examined the car, because it was surrounded by other cars in the back of the garage and because Schaff had told him that the motor was in good condition; that the doors were all sprung and the glasses broken, but he could have repaired it if the motor had been in good condition; that no effort had been made to repair the radiator or the car and that he would not have bought it unless the motor had been represented by Schaff as in good condition, that he was in the business of repairing bodies, not motors.

Schaff testified that he had sold the automobile "as is," explaining that the tires were new and the rear-end in good order; that he had never stated that the motor was in good condition and that it left the place hitting on all six cylinders; that Messmer, who was in the automobile repair business, and also running an oil station, had bought the old Studebaker because he owned a similar car and wished to get extra parts off of this car; that he had never agreed or promised to take the car back, as he had no authority to make any such agreement; that Messmer had examined the car thoroughly before he bought it; that he never guaranteed a used car selling for less than $500, and that no other dealer would.

The plaintiff corroborates Schaff in all essential particulars. The fact that the car did run from plaintiff's place of business to defendant's shows that the motor was not entirely worn out, and defendant's case would be much stronger had he made some effort either to use the car again or to repair it.

In the case of United Motor Car Co. vs. Drumm, 3 La. App. 741, where a similar defense was made in a suit for an unpaid balance on a second-hand automobile, this Court, in the course of its reasons affirming a judgment for plaintiff, said:

"It has been proven that it required considerable mechanical attention to keep it going, but a five-year-old second-hand automobile usually does. As was well said by the learned judge a quo: 'The fact that it is second-hand and has been used for several years carries with it the implication, like an old man 75 or 80 years of age, that the machinery is worn out and that the party buying it agrees to take a practically defective machine in order to get it for a very small price.'"

That language is particularly applicable here, and we agree with the trial court in its conclusion that the defendant has failed to sustain his defense of fraud, which is never presumed and always requires strong, clear proof.

For above reasons the judgment is affirmed.