No. 4166

Second Circuit

HICKS v. LEVETT ET AL.

(March 16, 1932. Opinion and Decree.)
(May 4, 1932. Rehearing Refused.)

Vinson M. Mouser, of Columbia, attorney for plaintiff, appellee.

Cas Moss, of Winnfield, attorney for defendants, appellants.

CULPEPPER, J. Mrs. S. J. Levett, defendant herein, filed suit on February 9, 1931, via executiva, against plaintiff herein, Mrs. C. A. Hicks, to foreclose on the second and third notes of a series of three vendors' lien and mortgage notes of $200 each, executed by plaintiff as credit portion of purchase price of a lot and hotel building and certain furniture and fixtures therein, described as follows:

"Lot No. 10 and beginning at N. E. corner of Lot 11 and running S. 135 ft.; thence west 48 feet; thence north 135 feet; thence east 48 feet to place of beginning, all in Kirkland Addition to the Town of Sikes, as per plat * * * on file in Recorder's Office of the Parish of Winn, Louisiana, together with all the improvements and furniture and fixtures now in and belonging to the hotel."

The property had been seized under the proceedings, and was being advertised by the sheriff for sale when the present suit was filed to enjoin same. The plaintiff in injunction is the maker of the notes, and defendant is the original payee and holder thereof. The total consideration for the sale of the property was $1,400, payable $800 cash and the balance of $600, represented by three notes above referred to, made due and payable annually, beginning June 1, 1929. The act of sale was executed December 7, 1928, before P. K. Abel, notary public, at Winnfield, parish of Winn, La.

It is alleged by plaintiff that defendant sold to her in said act of sale, and plaintiff purchased, the real estate described (quoting) "Together with all the improvements and furniture and fixtures now in and belonging to the hotel," referring, of course, to the furniture and fixtures in and belonging to the hotel at the time of the sale. It is further alleged (quoting):

"Par. 5. That the consideration for the payment of said $800.00 cash and the executing of said notes for a total of $600.00, by petitioner, was the obligation of the said Mrs. S. J. Levett in said act of sale to deliver to petitioner the said above described real estate and the furniture and fixtures and belongings, i. e., used in connection with the aforesaid hotel.

"Par. 6. That the above described real estate, including the hotel building, and a few small items of the furniture and fixtures sold her, were delivered to her by the said Mrs. S. J. Levett in accordance with the obligations of the said Mrs. Levett as vendor, but that said Mrs. Levett failed to deliver * * * a great number of articles of furniture, * * * of the total value of $526.20, the itemized description and values of said items being as follows, to-wit:" (Here follows a list of some thirty articles of furniture and fixtures, each separately valued and totaling the sum of $526.20.)

It is further alleged that, notwithstanding defendant represented that she was the owner of all of said furniture and fixtures and obligated herself to deliver same to petitioner, she did not own those named in the list, but same were owned by one Walter Higdon. Higdon was occupying the hotel at the time under a lease, and had partly supplied it with the furniture and fixtures enumerated in the list embodied in the petition. This was admitted by defendant both in her answer and on the witness stand, and she also admits she did not deliver these articles to plaintiff.

Plaintiff further alleges that defendant's failure to make delivery of the articles complained of constituted a failure of the consideration for which the notes were given and "said failure * * * being to the extent of $526.20, thereby extinguishing

the debt represented by said notes * * * to the extent of $526.20. Petitioner therefore shows that said failure of consideration reduced the amount due on said notes to much less than petitioner has already paid and therefore the debt which the said Mrs. S. J. Levett seeks to enforce * * * has been completely extinguished in a legal manner."

Plaintiff alleges she made payments of sums aggregating $403.28, at various times, on the series of three notes. All of these payments, she set out, were made under protest and through error. It is also alleged that the $403.28, plus the $526.20, which represented the value of the furniture and fixtures not delivered, amount to enough, not only to extinguish the sum sued for on the notes, but will leave a balance of $329.48, which plaintiff is entitled to recover of defendant in the form of a money judgment over and above the amount necessary to extinguish the notes. The prayer of plaintiff's petition is in accordance with these allegations.

To these pleadings defendant filed exception of no cause or right of action, a plea of prescription of one year in bar of plaintiff's right to recover, and, in the alternative, that plaintiff is endeavoring to plead an unliquidated claim and has on such a claim obtained a temporary restraining order without bond, which she has no right to do under the law; that plaintiff, under her pleadings, is estopped from attempting to secure a restraining order without furnishing bond for same. These exceptions and pleas were overruled by the court.

Taking up these exceptions and pleas in the order presented:

(a) Defendant excepts that plaintiff had no right to a restraining order without bond because her suit is for a diminution or reduction of price rather than for a failure of consideration; hence in such a case bond must be furnished under the law. If exceptor's view be correct that security was required, it would not necessarily show the lack of a right of action. But plaintiff's suit is not primarily for reduction in price; it is one based upon a failure of consideration, as a result of which the debt sued on is claimed to have been extinguished. Article 739 of the Code of Practice provides that the debtor can arrest the sale of the thing by alleging "that it (the debt) has been extinguished by transaction, novation, or some other legal manner." Article 740 of the Code provides, when the judge grants an injunction for any of the reasons set out in article 739, he shall require no security. Phillips v. Adams Machine Co., 52 La. Ann. 442, 27 So. 65, 67; United Motor Co. v. Drumm, 1 La. App. 762. A rule was issued in accordance with Act No. 29 of 1924, which was regularly tried, and, in accordance with the plain provisions of the articles of the Code above named, the judge properly ordered the preliminary injunction to issue without bond. The exception was therefore properly overruled, and the ruling is sustained.

(b) Defendant interposed the prescription of one year in bar of plaintiff's right to recover. This plea is not now urged, and has apparently been abandoned. At all events, it is without merit.

(c) Defendant also excepted, in the alternative, that, in event the court should hold that the suit is not one for a diminution of the price, the plaintiff is endeavoring to "plead an unliquidated act as a cause or right upon which a temporary restraining order and preliminary injunction should issue without * * * bond, and under

the law an unliquidated account affords no ground for enjoining an executory process." To this we think it sufficient to say that plaintiff is not pleading an unliquidated claim. Plaintiff is not suing on an open account, not acknowledged, nor upon an unliquidated claim for damages. She is seeking to have decreed extinguished so much of the price she was to pay for the whole property as is represented by the value of that portion of it which was not actually delivered. To say she could not do this because the claim is said to be unliquidated and not fixed or acknowledged would be to fail to give effect to the law which extinguishes an obligation of one party to a contract for failure of the other party to discharge his obligation. This very question of the right to have declared extinguished pro tanto so much of a debt for the purchase price of property as is represented by the value of that portion not delivered has been settled favorably to the purchasing debtor in the case of Phillips v. Adams Machine Co., supra. In that case an exception was tendered similar to the one made here. The plaintiff in that case, in addition to claiming the extinguishment of his obligation to the extent of the value of the parts of machinery not delivered, also claimed extinguishment because of defects of those which were delivered. He also claimed loss of profits due to enforced idleness occasioned · by unnecessary delays in making delivery, and that this loss of profits should also be applied as offset in part of his obligation. It was asserted that these latter claims fully compensated or offset whatever amount which might remain due, after deducting the value of the parts not delivered. Thus were presented issues of precisely the same nature as those that are presented here. The court, in passing upon the exception in the cited case, after recog-

nizing that under article 2209 of the Civil Code, as well as some decisions "compensation takes place between two debts * * * which are equally liquidated and demandable," said: "Upon the other hand, it is equally well sustained by reason, as well as authority, that, if the consideration for which a note was given thereafter fails, there can be no recovery on the note in the hands of the original holder, and, if it fails in part, the holder can only recover pro tanto, and to the extent that there has been no failure"—citing a number of authorities.

The court concludes thus:

"We are of opinion, therefore, that the plaintiffs were entitled to enjoin the seizure to the extent of the alleged failure in the consideration of the notes sued on, but that it was properly dissolved in other respects. Code Prac., art. 743; 1 Hen. La. Dig., p. 665 (2), No. 3."

Under these authorities we conclude the plea to be not well taken, especially in so far as it affects the amount represented by the balance on the notes. The action of the lower court in overruling the exception was therefore correct.

(d) Defendant also interposed the plea of estoppel, averring that, by her acts, as set up in her petition, defendant went into possession of the property under the deed, paid one note in full and most of the second note, without taking any steps until this suit was filed looking to an adjustment of the alleged non-delivery of a portion of the property purchased. This plea, it appears, is based upon the proposition that plaintiff by her acts has ratified the sale. Counsel cites Revised Civil Code, art. 2544. This article treats of actions for reduction of price, stating that such actions are governed by the same rules as apply to redhibitory actions. This is not,

as we view the case, an action for reduction of the price by reason of some defect in the thing sold. It involves the failure of the seller to make delivery.

"The seller is bound to two principal obligations," says article 2475 of Civil Code, "that of delivering and that of warranting the thing which he sells."

In the case of a breach of contract by the seller of an article by non-delivery, the buyer is entitled to refund of moneys paid by him. Pratt v. Craft, 20 La. Ann. 291.

Under article 2490, C. C., "The obligation of delivering the thing includes the accessories and dependencies, without which it would be of no value or services, and likewise everything that has been designed to its perpetual use."

In cases where the buyer is evicted, article 2506 of the Code provides that the party evicted has the right to claim against the seller the restitution of the price. Article 2514 provides that, "If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportionably to the total price of sale." Lockwood Oil Co. v. Atkins, 158 La. 610, 104 So. 386.

The above articles of the Civil Code are found under the head of tradition or delivery as treated under obligations of the seller, and we think the same rights of the buyer and obligations of the seller obtain in cases involving failure of delivery, such as this one is. The buyer has the right to reject the sale, or retain that portion of the property actually delivered, without subjecting himself to estoppel in case he elects to accept delivery of and retain the part delivered or offered to be delivered. Under none of these provisions of the Code do we find any conditions tending to estop the purchaser from asserting his right to recover on account of non-delivery, conditioned, of course, upon the purchaser paying the price.

All of these exceptions and pleas were overruled by the lower court, and we think correctly so.

Defendant then answered admitting the sale for the price and terms set forth in the petition. The description of the property given in the petition is the same as shown in the deed. Defendant denies that the description contains, or was meant to contain, the articles of furniture and fixtures as alleged in the petition to have been embraced therein, and not delivered. Defendant avers that plaintiff had been informed previous to the execution of the deed, and well knew at the time, that the articles complained of did not belong to plaintiff, but belonged to Walter Higdon, lessee of the hotel building, and that they were, in fact, not embraced in the sale, and not intended or understood between the parties to be so embraced. There is no denial or express admission in the answer as to the value of these articles alleged on by plaintiff. Defendant contests plaintiff's right to have the mortgage debt extinguished as well as the demand for a money judgment. She demanded in reconvention 20 per cent of the amount sued for by her on the mortgage notes as statutory damages, and prayed for judgment accordingly and for dissolution of the preliminary writ of injunction which had been granted on previous trial of rule for same.

Upon these issues the parties went to trial. At the conclusion of the testimony defendant filed exception of no cause or right of action, and plea of estoppel, both of which were overruled by the court,

whereupon judgment was rendered decreeing the debt represented by the two notes sued on to be fully extinguished, ordered the vendor's lien and mortgage against the property canceled from the records, and that the preliminary injunction be made final and further proceedings to sell the property stayed. The judgment is silent as to the demands for moneyed judgment for $329.84. In the written opinion by the court, filed in the record, the judge states that this demand was rejected. The demand in reconvention was also rejected.

Defendant filed a motion for new trial, which was refused, and we think properly so. The grounds set forth in the motion were that defendant was unable to secure the attendance of Walter Higdon as a witness; that Higdon would swear, if present, that he informed plaintiff previous to the sale that the furniture in question belonged to him, and not to defendant. This was testified to by other witnesses who were present; hence, the testimony was only cumulative. The matter of granting a new trial is largely within the discretion of the trial judge; and we do not think his ruling in denying it on the showing made, manifestly erroneous.

In the exception and plea of estoppel filed at the conclusion of the testimony, it is contended that the testimony shows that plaintiff accepted the property, including the household furniture and fixtures, under the terms and by virtue of the deed; that plaintiff used and occupied the same for more than two years before filing of his suit; that she voluntarily and without duress of any kind paid the first note and practically all of the second note, with full knowledge of all of the facts of which she now complains; that for these reasons she is estopped from claiming a failure of consideration and seeking judgment for the amount claimed.

It is true that plaintiff took possession of the hotel with what furniture was left after Higdon removed his; that she continued in possession up to the filing of the foreclosure proceedings, covering a period of over two years, and in the meantime, made several payments on the notes. She does not deny knowing that the articles not delivered did not belong to defendant when possession was taken; on the contrary, she alleged in the petition she knew that fact. She did allege, and submitted evidence in support of the allegation, that she did not have this knowledge at the time she purchased the property, and that she had demanded of defendant that she make delivery, and that delivery of the remaining property was accepted under these circumstances. This was denied by defendant. The testimony on this point is in conflict. The trial judge accepted plaintiff's version, and we find no good reason to disagree with him; hence we shall adopt his views.

It is plaintiff's contention that the clause in the deed reading, "together with all improvements and furniture and fixtures now in and belonging to the hotel," embraced the articles claimed by Walter Higdon, which is the property about which this dispute has arisen. Defendant contends that this clause does not indicate the inclusion of these articles; that a correct interpretation of the clause embraces only such furniture and fixtures as belonged to the hotel, which would exclude, and was specially so worded, as to exclude the articles belonging to Higdon. The words "all * * * furniture and fixtures now in * * * the Hotel" would seem to include all, and would, in its literal meaning, exclude nothing.

Mr. Abel, the notary who wrote the deed, places this construction upon the language used. While plaintiff and defendant differ

in their testimony as to their understanding in this particular, the trial judge, as we have seen, accepted the version of the plaintiff, and it appears to us to be the more reasonable. If the property of Higdon was intended to be excluded, it could have been easily so stated, and should have been.

Under Civ. Code, art. 480, the sale of a house "with all that is in it" is interpreted to include all movables, effects in the house, other than money, credits, or other rights.

Having reached the conclusion that the articles of furniture and fixtures in question were embraced in the act of sale and that same were not delivered, it is clear that the consideration for which the notes were given failed to the extent of the value of the articles not delivered. Their value was alleged to be $526.20, which was not denied; therefore it must be taken as admitted. Besides plaintiff testified as to these values substantially as alleged.

As to plaintiff's right to the extinguishment of the amount of the price of the property yet unpaid, we entertain no doubt. In Phillips v. Adams Machine Co., above cited, which was a case very similar to this one on this point, the court said:

"It is very clear to us that the failure of the payee of a note to fulfill the obligation which constitutes the consideration for which the note was given extinguishes, in a legal manner, the obligation of the maker of the note to pay it."

And in that case, as in the present case, it was only a portion of the movable property sold that was not delivered, yet the court held:

"* * * The defense cannot be regarded as a plea in compensation, but as an averment or claim, by way of defense, that the obligation to pay the notes was pro tanto extinguished and discharged."

If plaintiff had accepted the residue of the property without complaining to defendant about the portion not delivered, had used it, and made the payments from time to time without complaint, such a course of conduct might have indicated that she knew the articles not delivered were not to be included in the sale. But, according to her testimony, and the court evidently believed she was telling the truth, plaintiff made numerous complaints to defendant. The testimony shows that plaintiff first learned that the articles in question did not belong to defendant on Sunday following the execution of the deed on Friday. Plaintiff sent word of what she had learned to defendant on Monday following. On Tuesday or Wednesday following, when Mr. Higdon was getting ready to move these articles away she sent for defendant. Plaintiff then demanded that defendant deliver her the furniture, and defendant replied that the articles belonged to Higdon and he had the right to take them. Plaintiff permitted Higdon to move them away under her protest, and she took over the hotel with what was left under protest. Thereafter when she made payments on the notes to defendant she protested each time that she ought not to be compelled to pay the notes because she was paying something for nothing. Under these circumstances, we do not think plaintiff can be held to be estopped from at least claiming the extinguishment even at this late date of the comparatively small balance on the notes.

The claim for a money judgment for the balance of $329.48 appears to be a more serious question. The trial judge rejected this part of the demand. In his written opinion he assigns several reasons for refusing the personal judgment, viz.: That plaintiff is estopped to that extent; that the property as a whole was not listed and valued separately, article by article,

and "it would perhaps be a hardship on the defendant to award judgment against her upon the valuation fixed in the pleadings for the property of a third person which she did not own." The judge states he believed "however that the property" (having reference to the property not delivered) "is worth fully an amount" sufficient to extinguish the balance unpaid on the notes.

The correct view on this point, as we see it, considering our conclusions on the previous points raised, is that plaintiff paid in cash and by notes $1,400 for the property as a whole. Of that amount $526.20 was extinguished by reason of the failure to deliver the part of the property called for in plaintiff's petition. This valuation of these articles was fixed as of the date delivery was to have been made. From this is it not to be deduced that the value of the portion of the property delivered was equivalent in amount to the difference between $1,400 and $526.20, or $873.80? We think it should be. Adopting the theory of the case which the lower court adopted, and which we have adhered to, that defendant sold and plaintiff purchased the whole property, inclusive of the part in controversy herein, we would necessarily be forced to the conclusion that the whole was at the time worth the price called for in the deed, and that the part not delivered was worth the sum at which it was valued by plaintiff in her petition and testified to by her on the witness stand, and not denied by defendant in the answer. Defendant did not otherwise object to, or attempt to contradict, the valuations as testified to by plaintiff. In the Adams Machine Company case above cited, the court held specifically that:

"If the consideration for which a note was given thereafter fails, there can be no recovery on the note * * * and, if it fails in part, the holder can only recover, pro tanto, and to the extent that there has been no failure."

In the case of Young v. Guess & Swanson, 115 La. 230, 38 So. 975, the plaintiff brought suit on a note for $2,000, as representing the balance due by defendants on a sawmill and appurtenances, the original consideration for the purchase price of which was $10,850. Defendant by way of defense set up a claim for $2,747.50, being the value of certain of the appurtenances which were never delivered. The lower court gave judgment for the full amount claimed by defendants, which was affirmed on appeal, notwithstanding defendants' claim exceeded the amount of the note sued on. Defendants, however, in that case had paid nothing to plaintiff after the sale, but resisted payment, which forced plaintiff to file suit. If plaintiff in the present suit had pursued the same course as did defendants in the cited case, we think there would now be no question about her right to recover the full amount of the value of the property not delivered.

Unless plaintiff has shown, however, that she did not voluntarily make the payments she did make, but made them through error or duress, we think she cannot recover back what she has paid, further than to have declared extinguished the unpaid balance on the notes. Plaintiff contends that she made the payments through error; that she consulted an attorney, as a result of which she accepted delivery of the hotel property without the furniture in question. Later she made payments on the notes, she says, because she feared defendant would foreclose on the notes and sell the property. She testifies also that she was unable to employ counsel to test her rights in court, and yet she states she had the money to make the payments with and did make them. Her statement that she did not have the means to employ counsel is in-

compatible with the fact that she had money to pay on the notes. We do not think that plaintiff has shown a state of facts sufficient to warrant the court in finding that she was coerced into making payments on the notes, instead of having paid them voluntarily. This view is fully sustained by authority. In New Orleans & N. E. R. Co. v. La. Construction & Imp. Co., 109 La. 25, 33 So. 51, 55, 94 Am. St. Rep. 395, the court, discussing this question, stated:

"In the case at bar there was every opportunity to litigate the question raised in a court of competent jurisdiction at the very time it was first raised" (having reference to note sued on).

Threats of legal process is not duress, for the party may plead and make proof and show he is not liable. There is no principle of law better settled than that money voluntarily paid with knowledge of the facts cannot be recovered back. If in every instance in which a man is in doubt as to which is the safe course to pursue, he can pay under protest and then sue to recover back, it is difficult to see where litigation is to end. The law therefore wisely holds that a voluntary payment cannot be recovered back. Brumagin v. Tillingast, 18 Cal. 265, 79 Am. Dec. 176; De la Cuesta v. Ins. Co., 136 Pa. 62, 658, 20 A. 505, 9 L. R. A. 631; New Orleans & N. E. R. Co. v. La. Const. & Imp. Co., 109 La. 25, 33 So. 51, 94 Am. St. Rep. 395; Fuselier v. St. Landry Parish, 107 La. 221, 31 So. 678.

"A mere declaration by one at the time he pays money that the payment is made 'under protest' does not show that the payment is not voluntary." 3 Words and, Phrases, Second Series, "Payment and Protest," page 1313.

For the reasons assigned, we think the judgment appealed from is correct, and same is affirmed.