1 .BROWN, C.J.
Plaintiff, Aceess.l Communications Corp. (“Access”), devolutively appealed from a summary judgment in favor of defendant, Ken Lawler Builders, Inc. (“Lawler”). While the appeal was pending, Access paid the judgment. Thereafter, this court reversed that part of the summary judgment that accelerated rental payments. Access filed this action to recover the accelerated rentals it had paid. The trial court granted Lawler’s exception of no cause of action. We affirm.

Facts

The factual background of this case is set forth in this court’s opinion in Ken Lawler Builders, Inc. v. Delaney, 36,268 (La.App. 2nd Cir.08/14/02), 837 So.2d 1 (“Lawler I ”).[1] In Lawler I, the trial court granted Lawler’s summary judgment motion, and awarded Lawler $36,750. Access | ¡.filed a devolutive appeal with this court. In Lawler I, this court found that the documentation submitted in support of the summary judgment motion established a breach of the lease for nonpayment and eliminated any genuine issue of material fact regarding Access’s liability under the lease; however, this court recognized that there was no acceleration clause in the lease and that the record was insufficient to support the remedy of acceleration of the rental payments under the doctrine of anticipatory breach of contract. While the appeal was pending, Lawler moved for a judgment debtor examination. In response, Access paid the lower court’s judgment even though the appeal was pending.
Following our ruling in Lawler I, Access filed a new petition seeking to recover what it had paid as accelerated rent. Lawler filed an answer, reconventional demand and third party demand, wherein it denied Access’s claims, and requested at *780 torney fees pursuant to the lease. Lawler also filed an exception of no cause of action. The trial court held that Access’s payment to Lawler was not made under duress, and that prepayment of a termed obligation cannot be reclaimed. From this judgment, Access appeals and Lawler answers, seeking attorney fees pursuant to the lease.

Discussion

We agree with the trial court that La. C.C. art 1781 is applicable. This was an obligation subject to a term as opposed to payment of a thing not owed (see La C.C. art 2299 et seq)[2]. La. C.C. art. 1781 provides:
1 sAlthough performance cannot be demanded before the term ends, an obligor who has performed voluntarily before the term ends may not recover the performance.
It has long been held that “[Tjhere is no principle of law better settled than that money voluntarily paid with knowledge of the facts cannot be recovered back.” Hicks v. Levett, 19 La.App. 836, 140 So. 276 (1932). The payment of the accelerated lease amount was a payment of a future debt within the meaning contemplated by La. C.C. art. 1781 and Hicks, supra.
Appellant seeks to avoid the outcome of Hicks, supra, and La. C.C. art. 1781 by claiming duress. This complaint is without basis. Following the trial court’s judgment in Lawler I, Access filed a devolutive appeal. The record clearly indicates that no demand was made for payment until after the running of the delays for taking a suspensive appeal. Lawler’s motion for a judgment debtor examination was filed after the suspensive appeal delays had run. Furthermore, there is no prohibition on execution of judgments during a devolutive appeal, after the suspensive appeal delays have lapsed. See La. C.C.P. art. 2252.
Appellant alleges that Lawler’s demands during the pendency of the appeal equal duress. The court in Hicks, supra, also noted that “threats of legal process is (sic) not duress, for the party may plead and make proof and show that he is not liable.” This same principle is found in La. C.C. art 1962. Accordingly, in this case, the demand for payment following the lapse of the suspensive appeal delays, including the filing of a motion for judgment debtor examination, does not amount to duress and Access is not entitled to recover its voluntary payments made in advance on a legal debt.
| ¿Appellee answered the appeal seeking a remand for consideration of attorney fees as provided for in the lease agreement. We thus remand the matter for consideration of an award of attorney fees from the time of the filing of the Petition for Recovery of Excess Judgment.

Conclusion

The ruling on the exception of no cause of action by the trial court is upheld. The case is remanded to the trial court for an award of attorney fees, pursuant to the lease, from the time of the filing of the Petition for Recovery of Excess Judgment. All costs are taxed to appellant, Access.l.

. On June 10, 1998, Lawler and Delaney Broadcasting, Inc. ("DBI”), through its representative, Delaney, entered into an immovable properly lease agreement in which DBI agreed to pay Lawler $350 per month for an initial ten-year term ("Lawler-DBI lease”). DBI operated a radio business and was leasing the land to erect a radio tower. The lease provisions allowed DBI to assign the lease at any time along with any transfer of ownership of the tower.
DBI subsequently sold its interest in the radio station to Ninety-Five Point Seven, Inc., which in turn sold the radio station to Access. 1 on September 6, 2000. The sale and assignment of assets, sold, assigned, transferred and delivered to Aceess.l all right, title and interest in the Lawler-DBI lease.
Previously, on July 5, 2000, Lawler sold the immovable property subject to the lease to Mary Elizabeth Hutches ("Hutches”). Although the sale conveyed the property "subject to” the Lawler-DBI lease, Lawler "re-tainfed] all rights to rentals due under said lease, including any renewals or extensions thereof.” ... By undated cash sale deed, Hutches sold the immovable property to Access. 1. The cash sale deed mentioned neither the lease nor the reservation of rights by Lawler.
On April 18, 2001, Lawler instituted suit, pursuant to the Lawler-DBI lease, against Delaney and Kittler for unpaid lease payments from November, 2000 forward. The petition alleged that the named defendants dissolved DBI on December 6, 1999, and, as its shareholders, Delaney and Kittler were liable under the lease....
Lawler sought a summary judgment on September 7, 2001. On September 28, 2001, Aceess.l filed a Petition for Intervention into the suit which the trial court granted on October 2, 2001....
The trial court granted summary judgment on October 31, 2001, in favor of Lawler and against Delaney and Kittler, in the amount of $36,750. This appeal by Aceess.l of the October 31, 2001 judgment ensued.

. Access cites Great American Indemnity Co. v. Dauzat, 157 So.2d 308 (La.App. 3d Cir. 1963), and Louisiana Health Service & Indemnity Co. v. Cole, 418 So.2d 1357 (La.App. 2d Cir. 1982), in support of its claim. In both Great American, supra, and Louisiana Health Service, supra., the courts of appeal reversed .the judgments, finding that no debts were owed.