758 So.2d 896 (2000)
Charles R. JONES
v.
Alceed TEZENO, Jr. and Johnny Fournier.
No. 99-1693.
Court of Appeal of Louisiana, Third Circuit.
March 1, 2000.
*897 Patrick C. Morrow, Morrow, Morrow, Ryan and Bassett, Opelousas, Louisiana, Attorney for Plaintiff/Appellant.
Lawrence B. Sandoz, Sandoz and Sandoz, Opelousas, Louisiana, Attorney for Defendants/Appellees.
Court composed of HENRY L. YELVERTON, SYLVIA R. COOKS, and OSWALD A. DECUIR, Judges.
YELVERTON, J.
This case presents the issue of whether Charles Jones has pleaded a cause of action for an injunction and damages because of an alleged interference with his exercise of a predial servitude of passage. Jones alleged that the defendants had barricaded his right of passage and he could not get to his cattle to feed them and care for them. The defendants were Alceed Tezeno, Jr. and Johnny Fournier. The petition alleged that Tezeno owns the land adjacent to a public road over which the servitude exists and that Fournier owns the private land over which the servitude exists. The allegation as to petitioner's predial right is as follows:
"Petitioner's ingress and egress to the above described property is on Parish Road 5-130-2, also known at "Alceed Tezeno Road", and over a right-of-way and/or predial servitude that has been established and consistently used for a period in excess of forty years, with said right-of-way traversing lands owned and/or controlled by defendants, ALCEED TEZENO, JR. and JOHNNY FOURNIER."
Johnny Fournier answered the petition admitting that he was the owner of the property and that he had placed a barricade over the right-of-way. He denied all remaining allegations. Alceed Tezeno, Jr. answered admitting that he placed a gate across his property but denied everything else. After filing their answers, both defendants jointly filed an exception of no cause of action.
The exception stated the objections urged and the grounds of those objections. Particularly, the exceptors claimed that Jones had not alleged title to the predial servitude by a juridical act. They argued that La.Civ.Code art. 727, before its amendment effective in 1978, identified a right of passage as a discontinuous servitude, and that La.Civ.Code art. 766 provided a discontinuous servitude could only be established by title. They pointed out that La.Civ.Code art. 740, as amended effective 1978, provided that apparent servitudes may be acquired by acquisitive prescription but that this provision was not retroactive. They concluded their argument with the observation that La.Civ. Code art. 742, as amended effective 1978, provides that an apparent servitude without title may be acquired by 30 years of uninterrupted possession, but that only 20 years have elapsed from the 1978 amendment to the filing of this suit. From this, they reasoned that Jones had no cause of action because he had not alleged title by juridical act and he could not have possessed *898 long enough for acquisitive prescription.
Although there is no transcript of a hearing in the record, the minutes of court show that the exception was heard on August 6, 1999, in open court. The attorneys for both sides were present. The minutes say, "Rule for On Exception of No Cause of Action fixed for today, came on to be heard. Note of evidence opened and closed. Taken under advisement."
The trial court granted the exception. The court gave written reasons for judgment on August 17, 1999. In its reasons for judgment, the trial court went well beyond the contents of the petition to evaluate the factual elements of the Jones' cause of action. The court stated:
Plaintiff argues that Alceed Tezeno, Jr. and Mary Tezeno Fournier recognize that their father allowed Charlie Jones and others to traverse the passage for many years without objection and that once the father died, Alceed Tezeno, Jr. allowed Plaintiff to use the passage up to the filing of this lawsuit.
. . .
... To the knowledge of this Court Alceed Tezeno, Sr., who is now deceased, has never recognized the oral agreement under oath. Further, this Court does not find that the Defendants have recognized that there existed an oral agreement between their father and the Plaintiff to use the servitude. In fact, Mary E. Fournier, daughter of Alceed Tezeno, Sr., testified in her deposition that she was not aware of any kind of deal between her father and Plaintiff. Alceed Tezeno, Jr. testified in his deposition that he never objected to the Plaintiff using the passage, but there was no testimony to the fact that he and Plaintiff had ever entered into a verbal agreement on the issue.
The trial court's reasons then concluded with a finding that Jones had not acquired the predial servitude by way of 30 years acquisitive prescription and that the defendants had not admitted or recognized under oath that there was an oral transfer of a predial servitude. The trial court dismissed the suit.
During the briefing stage of this appeal, Jones caused a supplemental record to be prepared by the Clerk of Court of St. Landry Parish and forwarded to us. This supplemental record contains excerpts from the depositions of Mary E. Fournier and Alceed Tezeno, Jr. The depositions were taken shortly before the hearing on the exception of no cause of action and in the offices of Jones' attorney. We are unable to determine how or when these excerpts got into the record, but the Clerk of Court's certificate attached to the supplemental record identifies them as "a true and correct transcript of all proceedings had and all documents filed in the suit." Because the minutes say that a "note of evidence" was "opened and closed," we assume that the excerpts were put in evidence when the exception of no cause of action was heard. We still do not know which side put the excerpts in evidence, but we assume that Jones did because Jones took the depositions from which the excerpts came and Jones relies upon the depositions in his argument here and below.
With this narration of the details of procedural events we are brought up to the present time, and we will now decide where we go from here.

NO CAUSE OF ACTION
A peremptory exception of no cause of action presents a question of law, thus on this appeal we review this issue de novo. City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94); 640 So.2d 237. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, 616 So.2d 1234 (La.1993).
*899 No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id.; City of New Orleans, 640 So.2d 237. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail. Rebman v. Reed, 286 So.2d 341 (La.1973).
Our inquiry is whether Louisiana law affords Jones a remedy' based upon the facts alleged in his petition. Our inquiry is not whether Jones will eventually prevail at trial.
Jones' petition alleged that the predial servitude was in existence and had been consistently used for a period in excess of 40 years. He claimed that Alceed Tezeno, Jr. and Johnny Fournier, owners of the land, had erected barricades which interfered with his use of the predial servitude.
Tezeno and Fournier argued that Jones has not had sufficient time to establish acquisitive prescription of the predial servitude. They correctly point out that Acts 1977, No. 514, § 1 amended the civil code articles pertaining to predial servitudes. Prior to the amendment, Article 766 stated that a discontinuous servitude such as a right of passage could only be established by title. However, the amendments abolished the distinction between discontinuous and continuous servitudes which now permit a servitude of passage to be acquired by prescription. La.Civ.Code art. 740. The comments to Article 740 provide that this "provision is not retroactive. Thus, the quasi-possession of a servitude that would be discontinuous under the prior law does not give rise to prescriptive rights except from the effective date of the new legislation."
Jones argues on appeal that he is not basing his claim on acquisition of the right of passage by prescription; he claims to have acquired it by title, and that his title arises from an oral agreement between the parties acknowledged under oath. The oral agreement, it is argued, was with Alceed Tezeno, Sr., who is now deceased. Jones claims that the excerpts of deposition testimony from Tezeno and his sister, Mary Fournier, establish that he had title to an apparent discontinuous servitude which was acquired by an oral agreement. Jones cites La.Civ.Code art. 1839 and Guillotte v. Wells, 485 So.2d 187 (La.App. 2 Cir.1986). Article 1839 states the rule that a transfer of immovable property must be made by authentic act or by act under private signature, but it also provides for an exception to that rule. The exception recognizes that an oral transfer is valid between the parties when the property has been actually delivered and the transferor recognizes the transfer when interrogated on oath. In ruling on the exception of no cause of action, the trial court considered this evidence in finding that there was no oral agreement between Tezeno's father, Alceed Tezeno Sr., and Jones.
Pursuant to Article 931 evidence is not admissible to support or controvert an exception of no cause of action. The jurisprudence has recognized an exception to this rule, however, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. White v. Fetzer, 97-1266 (La.App. 3 Cir. 3/6/98); 707 So.2d 1377, writ denied, 98-0931 (La.5/15/98); 719 So.2d 466 (citing City National Bank of Baton Rouge v. Brown, 599 So.2d 787 (La.App. 1 Cir.), writ denied, 604 So.2d 999 (La.1992).) The deposition excerpts can be considered to have been admitted for the purpose of enlarging the pleadings. So construed, the excerpts enlarged Jones' petition to the extent of removing any doubt that he is actually asserting a predial servitude by title (a result that could have been achieved had the trial court allowed an amendment to the petition to assert a *900 cause of action under La.Code Civ.P. art. 934).
We are aware of Norton v. Thorne, 446 So.2d 972 (La.App. 3 Cir.1984), which found that a plaintiff who did not show title to establish a right of passage does not have a cause of action. However, in that case the plaintiff never alleged that his basis for a predial servitude was by title until the appeal. His petition claimed a right of use based entirely on allegations of acquisitive prescription of 30 years.
Jones has pleaded that he has a predial servitude by title and that defendants have interfered with his use of that predial servitude. His petition sets forth a cause of action which would entitle him to injunctive relief or damages if he can prove the existence of a predial servitude by title. An exception of no cause of action is not the proper procedural vehicle to determine the merits of Jones' case. The only procedural function that the deposition excerpts could permissibly have played in this case was to enlarge the pleadings. The trial court used these excerpts for more than that. The trial court used the excerpts as evidence in the case to determine whether the Jones' allegations were proved or not proved. At this stage of the case, all that we can legitimately use the excerpts for is to decide whether Jones has asserted a cause of action. For purposes of a cause of action, we cannot assume that the deposition excerpts constitute all of the evidence that Jones has. We could do so if their objections had been presented by the defendants as a motion for summary judgment and tried according to the procedural rules required for that remedy. But here, where the evidence was presented only for the purpose of enlarging the pleadingsand Jones certainly has not pleaded himself out of courtwe cannot arbitrarily conclude that it is all of the evidence that he has and shut him down on the pretext that he has no cause of action because he has not proven his case. Argue as one may that these excerpts show Jones does not have a case, we cannot be sure; stranger things have happened. The supreme court has said that "[t]he merit of plaintiff's claim is to be determined after findings of fact upon motion for summary judgment or trial on the merits." Carey v. UMC (United Mechanical Contractors), 553 So.2d 472 (La.1989). The merits cannot be determined on an exception of no cause of action.
For these reasons we must reverse the granting of the exception of no cause of action. This case is remanded for further proceedings. Costs of this appeal are assessed to Alceed Tezeno, Jr. and Johnny Fournier.
REVERSED AND REMANDED.