# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-1364

**RANDY ALVIS AND E. G. ALVIS**

**VERSUS**

**CIT GROUP EQUIPMENT FINANCING, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NUMBER 55,948
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLIE COLOMBARO WOODARD**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Billie Colombaro Woodard, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

Charles Raymond Whitehead, Jr.
Whitehead Law Offices
Post Office Box 697
Natchitoches, Louisiana 71458-0697
(318) 352-6481
Counsel for Plaintiffs/Appellants:
    Randy Alvis
    E. G. Alvis

William Daniel Dyess
Post Office Drawer 420
Many, Louisiana 71449
(318) 256-5667
Counsel for Defendant/Appellee:
    Clauriste Byles

WOODARD, Judge.

The Plaintiffs appeal the trial court's dismissal of Mr. Clauriste Byles, individually, on an exception of no cause of action. We reverse the trial court's ruling and remand the case for further proceedings.

\* \* \* \* \*

The Plaintiffs, Mr. Randy Alvis and Mr. E. G. Alvis, run a logging operation in Bon Weir, Texas. In October 2002, they went to Byles Welding and Tractor Company, Inc. (Byles), in Many, Louisiana, to purchase a new log skidder. After a period of negotiation, they purchased the skidder, manufactured by Allied. They agreed on a purchase price of $157,000.00 and received a trade-in allowance of $12,000.00, leaving a balance of $145,000.00 due, which Byles arranged for them to finance through the CIT Group/Equipment Financing, Inc. (CIT). The Plaintiffs signed a security agreement with CIT.

However, soon after the sale, the Plaintiffs allege that they received informal information, concerning Byles' business practices, which prompted them to further investigate their new purchase. Specifically, they contacted CIT for additional information. CIT contacted Allied, the manufacturer, and learned that the skidder had been delivered to Byles' business in May of 1997, making it six years old at the time Byles sold it to the Plaintiffs.

The Plaintiffs never took physical possession of the skidder. Rather, it has remained on Byles' business premises. Plaintiffs contend that Mr. Clauriste Byles, President and CEO of Byles, represented the skidder as new, and they would not have purchased it had they known that it was six years old. Plaintiffs allege that the age of the skidder constitutes a redhibitory defect. Accordingly, they filed suit against Byles to rescind the sale and against CIT to cancel the transfer and finance document. They, also, sued Mr. Clauriste Byles, as the corporate officer and representative for Byles in this particular transaction.

Plaintiffs allege actions in redhibition, intentional misrepresentations, and unfair trade practices. Mr. Clauriste Byles sought dismissal in the trial court because, he argues, the law does not impose liability on a corporate officer for his actions in transacting business for the corporation.

1

The trial court granted an exception of no cause of action and dismissed Mr. Clauriste Byles, individually, from the lawsuit. The Plaintiffs appeal this decision. The merits of the Plaintiffs' claims against Byles Welding and Tractor Company are not before us. We must decide, only, whether they may maintain an action against Mr. Clauriste Byles in his individual capacity.

\* \* \* \* \*

**STANDARD OF REVIEW**

Whether the facts alleged in the petition constitute a cause of action is a question of law.[1] Accordingly, we review the exception of no cause of action *de novo*.[2] Accepting the well-pleaded facts as true, we must determine whether the law provides any remedy.[3]

**PERSONAL LIABILITY OF CORPORATE OFFICER**

Mr. Clauriste Byles contends that he is immune from liability for any of his actions in the course and scope of his employment for the corporation. Louisiana corporation law does impose certain duties on officers and directors.[4] However, generally, these duties are considered to be owed to the corporation, rather than to third parties.[5] When officers and directors transact with third parties in the course and scope of their employment, the law treats them as agents, limiting their personal liability.[6] Accordingly, under Louisiana law governing mandataries, it is the principal (the corporation) who is liable to third parties, rather than the agent or mandatary (the officer or director).[7] The officer or director is personally liable only in certain limited

---

[1]*Jones v. Tezeno*, 99-1693 (La.App. 3 Cir. 3/1/00), 758 So.2d 896.

[2]*Id.*

[3]*Id.*

[4]La.R.S. 12:91.

[5]*Id.*

[6]*Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195.

[7]La.Civ.Code art. 3016.

2

circumstances.[8] However, we find the Plaintiffs' allegations against Mr. Byles fall within those limited circumstances.

Specifically, the law of agency offers no protection from tort liability when the officer or director commits the tort of fraud[9] or the tort of intentional interference with a contract.[10] In the instant case, the Plaintiffs allege that Mr. Clauriste Byles made affirmative misrepresentations about the age of the log skidder with the intent to deceive them and, consequently, fraudulently induced them to purchase it. Specifically, they allege that he "deliberately took measures which were calculated to lead Plaintiffs to believe that they were purchasing a brand new skidder which in truth and fact was some six years old" and that his conduct "amounted to fraud, deceit, or misrepresentation." We recognize fraud, not only, as a vice of consent, but "fraud is one of those instances in which a face-to-face personal contract may give rise to liability in tort."[11] The limited liability, the corporate concept recognizes, cannot shield an officer from his fraudulent actions.[12]

Mr. Byles avers that he made no representations, fraudulent or otherwise, to the Plaintiffs because, in fact, the log skidder was "new" as opposed to "used." However, the parties' understandings of their communications during the negotiations goes to the merits of the claim. For the purpose of ruling on this exception, we must accept the Plaintiffs' allegations as true and construe them in the light most favorable to the Plaintiffs.

## CONCLUSION

In limited circumstances, a corporate officer is personally liable for his actions even when acting in the course and scope of his employment. Fraud constitutes one of these limited circumstances. Accordingly, the trial court erred in finding that the Plaintiffs' petition, which alleges that Mr. Byles committed fraud, failed to state a

---

[8]*Murphy's*, 780 So.2d 1284.

[9]La.R.S. 12:95; *Murphy's*, 780 So.2d 1284.

[10]*See 9 to 5 Fashions, Inc., v. Spurney*, 538 So.2d 228 (La.1989).

[11]Thomas C. Galligan, Jr., *Contortions Along the Boundary Between Contracts and Torts*, 69 TUL. L. REV. 457, 501 (1994).

[12]La.R.S. 12:95; *Murphy's*, 780 So.2d 1284.

cause of action against him. Thus, we reverse the trial court's ruling and remand the case to it for further proceedings. We cast the costs of this appeal on the Defendant/Appellee, Mr. Clauriste Byles.

**REVERSED AND REMANDED.**