STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-0323

WILLIAM E. PETERS, ET AL.

VERSUS

ALLEN PARISH SCHOOL BOARD, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT,
PARISH OF ALLEN, NO. C-2005-603
HONORABLE ROBERT BRINKMAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

Genovese, J. dissents.

REVERSED AND REMANDED.

William J. Barnes, II
A Professional Law Corporation
Post Office Box 66
Greenwell Springs, LA 70739
(225) 262-2212
COUNSEL FOR PLAINTIFF/APPELLANT:
    William E. Peters

**Robert L. Hammonds**
**Patrick A. Joseph**
**Hammonds and Sills**
**Post Office Box 65236**
**Baton Rouge, LA 70896**
**(225) 923-3462**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Allen Parish School Board**
    **Linda Thompson**
    **Louisiana Risk Management Agency**

PETERS, J.

William E. Peters[1] appeals the trial court's grant of a peremptory exception of no cause of action dismissing his individual claims against the Allen Parish School Board (School Board); Linda Thompson, the principal of Oakdale Middle School; and Louisiana Risk Management Association (Risk Management), the School Board's insurer. For the following reasons, we reverse the trial court judgment and remand this matter to the trial court for further proceedings.

The peremptory exception of no cause of action is provided for in La.Code Civ.P. art. 927(A)(4) and presents the appellate court with a question of law that we review *de novo*. *Jones v. Tezeno*, 99-1693 (La.App. 3 Cir. 3/1/00), 758 So.2d 896. Its purpose is to test the legal sufficiency of a plaintiff's petition by determining whether the plaintiff has a remedy in law based on the facts alleged. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234 (La.1993). "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. "[F]or the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Simply, if the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail." *Jones*, 758 So.2d at 899 (citations omitted). "Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial." *Industrial Cos. Inc. v. Durbin*, 02-665, p. 7 (La. 1/28/03), 837 So.2d 1207, 1213 (citations omitted).

Mr. Peters filed his original petition for damages on December 9, 2005, and amended his original petition on two occasions—February 10, 2006, and August 28,

---

[1]The plaintiff, William E. Peters, is not related to Judge Jimmie C. Peters.

2006. The original and supplemental petitions establish the defendants as: the School Board, Ms. Thompson, Crystal Cheney, and Risk Management.[2] This appeal arises from the trial court's grant of a peremptory exception of no cause of action after an August 10, 2007 hearing. In granting the exception, the trial court dismissed Mr. Peters' claim for damages against the School Board, Ms. Thompson, and Risk Management. Mr. Peters asserts two assignments of error:

1. The trial court erred in sustaining the exception of no cause of action against the claim by William E. Peters for his personal damages, or otherwise dismissing his suit for injuries he sustained.

2. The trial court erred in its analysis of Mr. Peters' damage claim, and by finding that Appellant could not present a damage claim by law.

Accepting the well-pleaded facts of Mr. Peters' petition and supplemental petitions as true, we find that they establish the following:

• Ms. Cheney is the biological mother of two minor children, Adrian Morgan Brown (born June 30, 1991) and Jacob Ryan Brown (born May 16, 1994). In December of 2004, both children were enrolled in the Allen Parish School system and were attending Oakdale Middle School. Ms. Thompson was, at that time, the principal of the Oakdale Middle School. Both children had been enrolled in the Allen Parish School system "for three (3) consecutive school years: since 2001."

• Mr. Peters had been granted "provisional custody" of the children by a written document entitled "Provisional Custody by Mandate," and had supplied that document to the school officials at Oakdale Middle School. In fact, Mr. Peters had advised school officials in writing that "he alone had custody of the minor children and that they were to be released only to" him, Becky Peters, Shirley Peters, Lisa Winn, and Tara Kennedy. Mr. Peters specifically alleged that

a. [Mr. Peters] was the only parent or guardian listed on emergency forms required for the purpose of enrollment;

---

[2]Initially, Mr. Peters named Coregis Insurance Company as the School Board insurer, but later substituted Louisiana Risk Management Association for that defendant.

2

b. On the school records there was an "alarm" indicating that William Peters had custody of the minor children;

c. There were policies in effect by the School Board and mandated by Louisiana Law indicating that the forms were to be signed by Mr. Peters as guardian; he consistently provided said forms to the Home Room teacher and the forms were appropriately disseminated by the school;

d. No one else was authorized at any time to make decisions for the children with regard to issues such as medical care, corporal discipline and check-in and check-out procedures.

• On December 13, 2004, Crystal Cheney appeared at Oakdale Middle School to check the children out. Ms. Thompson telephoned Mr. Peters to obtain permission to allow Ms. Cheney to check out the children. In that telephone conversation, Mr. Peters "directed Ms. Thompson that under no circumstances was she to release the minor children to Ms. Cheney and that he was forthwith coming to the school." However, before Mr. Peters arrived some twenty minutes later, Ms. Thompson had allowed Ms. Cheney to remove the children. At some point, the Allen Parish School Board caused Ms. Cheney to execute a document terminating Mr. Peters' custodial rights.

In concluding that the pleadings did not state a cause of action, the trial court primarily considered the paragraph of the pleadings setting forth Mr. Peters' itemized damages. That paragraph states:

As a result of the incident, Petitioner has suffered from physical, mental and emotional injuries as well as alienation of affection with the minor children. He has experienced depression, anxiety, worry and an inability to sleep. Moreover, he has been forced to travel on numerous occasions out of the State of Louisiana. Hence, Petitioner is entitled to recover for these damages as well as all other injuries and damages, such as lost wages and inconvenience.

The trial court concluded that Louisiana law does not provide a remedy for alienation of affection, that Mr. Peters did not have a consortium claim under La.Civ.Code arts. 2315 and 2315.2, and that he did not have a bystander claim under La.Civ.Code art. 2315.6.

3

We agree with the trial court's analysis with regard to those theories of recovery. However, Mr. Peters also asserted that he sustained out-of-pocket expenses arising from the incident, and that he suffered physical, mental, and emotional injuries in the form of depression, anxiety, worry, and inability to sleep. These damage claims are in addition to his claims for alienation of affection, loss of consortium, and bystander damages.

Under La.Civ.Code art. 2315, an individual is entitled to recover the damages he sustains as a result of another's fault. That provision "contemplates responsibility founded on fault, namely, negligence or intentional misconduct." *Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93, 97 (La.1975). In considering whether a cause of action has been set forth based on a negligence or intentional tort theory of recovery under the facts of this case, we must first determine whether a duty was owed by the school defendants to Mr. Peters.

> A duty represents a legally enforceable obligation to conform to a particular standard of conduct. Louisiana courts have traditionally applied a duty-risk analysis to determine whether a plaintiff has stated a cause of action in tort against a particular defendant. This approach is most helpful in cases where the only issue is whether the defendant stands in any relationship to the plaintiff as to create any legally recognized obligation of conduct for the plaintiff's benefit. The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question. When no duty exists, a court will dismiss a petition as a matter of law for failure to state a cause of action.

*Byers v. Edmondson*, 97-831, pp. 8-9 (La.App. 1 Cir. 5/15/98), 712 So.2d 681, 687, *writ denied,* 98-1596 (La. 10/9/98), 726 So.2d 29, *cert. denied* 119 S.Ct. 1143, 526 U.S. 1005 (citations omitted).

This court has already held that a school's duty of reasonable supervision of its students includes "the duty to make the appropriate supervisory decisions

4

concerning a student's departure from campus during regular school hours," and that allowing a student to leave the campus in violation of the school's established policy is a violation of that duty. *D.C. v. St. Landry Parish School Bd.,* 00-1304, p. 5 (La.App. 3 Cir. 3/7/01), 802 So.2d 19, 23, *writ denied*, 01-981 (La. 5/25/01), 793 So.2d 169. In his pleadings, Mr. Peters asserted that Oakdale Middle School had a policy that "[o]nly those individuals whose legitimate signatures appear on the check out form will be allowed to check out a student at Oakdale Middle School," and that he was listed on the school's check out form as the only individual who had the authority to check the children out of school. Thus, accepting the facts in Mr. Peters' petitions as true, Ms. Thompson's decision to allow Ms. Cheney to check the children out of school violated the school's policy and her duty to both the children and Mr. Peters, causing Mr. Peters physical, mental, and emotional injuries and out-of-pocket expenses.

Affording Mr. Peters' petitions every reasonable interpretation in favor of maintaining their sufficiency, we conclude that Mr. Peters has stated a cause of action on the face of his pleadings and the trial court erred in granting the defendants' peremptory exception of no cause of action.

## CONCLUSION

Following our *de novo* review of the record, accepting as true the well-pleaded facts in Mr. Peters' petition, and according the language of his petition every reasonable interpretation in favor of maintaining the sufficiency of the petition, we conclude that Mr. Peters does state a cause of action to support his claims against the school defendants. We reverse the trial court's judgment granting the peremptory exception of no cause of action in favor of the Allen Parish School Board, Linda

5

Thompson, and Coregis Insurance Company against Mr. Peters' individual claims and remand for further proceedings. We assess all costs of this appeal against the Allen Parish School Board, Linda Thompson, and Coregis Insurance Company. Pursuant to the requirement of La.R.S. 13:5112(A), we find that the total costs are in the monetary amount of $1,196.00.

**REVERSED AND REMANDED.**