STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-190

FRANK DARBY, JR.

VERSUS

DANIEL VALLERE

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-2374-B
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and D. Kent Savoie, Judges.

AFFIRMED.

Janice Montague Myles
Attorney at Law
23445 Railroad Avenue
Plaquemine, Louisiana 70764
(225) 382-5222
Counsel for Defendant/Appellant:
    Daniel Vallere

Jennifer E. Frederickson
Stemmans & Alley, PLLC
2798 O'Neal Lane, Suite B3
Baton Rouge, Louisiana 70816
(225) 752-5266
Counsel for Plaintiff/Appellee:
    Frank Darby, Jr.

**KEATY, Judge.**

The parties to this matter are adjacent property owners. At the conclusion of a July 16, 2018 hearing on a Petition for Declaratory Judgment and Injunctive Relief (Declaratory Judgment Petition) filed by Plaintiff, Frank Darby, Jr., against Defendant, Daniel Vallere, Jr., the trial court declared Darby to be "the owner of the .190 Acre Trace [sic] of Land situated in Section 31, Township 6 South, Range 1 East, St. Landry Parish, Louisiana, bearing the municipal address of 630 Nimitz Street, Eunice, Louisiana, 70535[.]" Written Judgment to that effect was signed on August 8, 2018 (the 2018 Judgment). Vallere did not appeal the 2018 Judgment, and, thus, it became a final judgment.[1]

On August 27, 2019, Vallere filed a Petition to Annul[2] the 2018 Judgment. In response, Darby asserted Peremptory Exceptions of No Cause of Action, No Right of Action, and Res Judicata. Vallere filed an Opposition to the exceptions,[3] which, upon Darby's motion, the trial court struck from the record as untimely. Vallere was not allowed to present oral argument or evidence at the November 18, 2019 hearing on Darby's exceptions. At the conclusion of the hearing, the trial court sustained the exceptions and dismissed the Petition to Annul with prejudice. Written Judgment

---

[1] "The use of the phrase 'final judgment' . . . means that the preclusive effect of a judgment attaches once a final judgment has been signed by the trial court and would bar any action filed thereafter unless the judgment is reversed on appeal." La.R.S. 13:4231 comment (d).

[2] Vallere's pleading was titled "Petition to An-null [sic] Declaratory Judgment and Injunctive Relief." We will refer to it as the "Petition to Annul."

[3] The trial court noted that it had not read "what was purported to be an opposition[,]" noting that it "was a letter[, not] a pleading." *See* November 18, 2020 transcript.

was signed on December 13, 2019 (the 2019 Judgment),[4] and this appeal by Vallere followed.[5]

Vallere is now before this court asserting that the trial court erred by: 1) granting Darby's exception of no cause of action; 2) granting Darby's exception of no right of action; 3) granting Darby's exception of res judicata; and 4) dismissing his Petition to Annul. After the record was lodged in this court, Vallere filed a Motion to Supplement the Record (Motion to Supplement), which was granted by Order dated July 31, 2020. Upon his receipt of a copy of that motion, Darby filed a Memorandum in Opposition to Appellee's Motion and Order to Vacate that Order on the grounds that Vallere was improperly seeking "to include in the record documents which [were] not admitted into evidence at the hearing on the Peremptory Exceptions[,] and not material to the issues on appeal." Later, Darby filed a Motion to Strike Vallere's Appellant Brief, contending that the brief contained references to facts, circumstances, and documents which were not in evidence.

**DISCUSSION**

Before addressing the merits of Vallere's appeal, we must dispose of Darby's motions, as resolution thereof will dictate what evidence and argument this court will be able to review in conjunction with this appeal.

***Darby's Motion to Vacate***

In his Motion to Supplement, Vallere sought to introduce the following into the appeal record: 1) minutes from the July 16, 2018 hearing; 2) the transcript of the

---

[4]Vallere initially filed a Motion for New Trial of the 2019 Judgment, which he later withdrew upon Darby's filing of another Motion to Strike based on its untimeliness, coupled with his fear that such untimeliness would not toll the delays for him to appeal the judgment.

[5]Vallere originally moved for a suspensive appeal of the 2019 Judgment, but he later withdrew that motion, preferring to instead devolutively appeal upon the trial court's having set the suspensive appeal bond at $5,000.

July 16, 2018 hearing; and 3) the citation on Vallere of the Declaratory Judgment Petition filed by Darby on May 25, 2018 (the 2018 Citation).[6] Vallere also sought to have the trial court supplement the appellate record with a corrected copy of the court minutes from the November 18, 2019 hearing to reflect the accurate ruling of the court as the minutes incorrectly state that Darby's exceptions to Vallere's Petition to Annul were denied, when, in fact, the trial court granted Darby's exceptions. As noted above, Darby sought to have this court vacate its prior order to supplement the record.

"Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence. La. C. Civ. P. art. 2164[.]" *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 6 (La. 5/21/08), 983 So.2d 84, 89. Moreover, "it is not appropriate to order the record supplemented with documents that have never been offered, introduced, or admitted into evidence." *Franklin v. Enter. Rent-A-Car*, 12-555, p. 5 (La.App. 3 Cir. 12/5/12), 104 So.3d 720, 723 (*citing Estate of Nicks v. Patient's Comp. Fund Oversight Bd.,* 05-1624 (La.App. 1 Cir. 6/21/06), 939 So.2d 391; *Williams Law Firm v. Bd. of Sup'rs of La. State Univ.,* 03-79 (La.App. 1 Cir. 4/2/04), 878 So.2d 557), *writ denied,* 13-0399 (La. 4/1/13), 110 So.3d 557.

Neither the transcript nor the minutes of the July 16, 2018 hearing, with which Vallere sought to supplement the appellate record, were admitted into evidence at the November 18, 2019 hearing on Darby's peremptory exceptions. As such, we conclude that the appellate record should not have been supplemented with those items. With regard to Vallere's attempt to supplement the appellate record with his

---

[6] Vallere also sought to supplement the record with a copy of the fax filed Motion to Strike filed by Darby on November 15, 2018, regarding Vallere's Memorandum in Opposition to Darby's Exceptions to Vallere's Petition to Annul. Vallere later withdrew this item from his Motion to Supplement. We note that this aspect of Vallere's motion is moot as a filed copy of that pleading is already contained in the record on appeal.

3

2018 Citation, we observe that, in his Petition to Annul, Vallere admitted to having received personal service of Darby's Declaratory Judgment Petition and the citation ordering him to file a pleading within fifteen days or risk having judgment entered against him. Thus, there is no reason to allow supplementation of the record to include this item. Finally, we note that, after having received the Order of this court granting Vallere's Motion to Supplement, the trial court corrected the minutes from the November 18, 2019 hearing. As Darby agrees that the November 18, 2019 minutes were in need of correction, we let that portion of the Motion to Supplement stand.

Thus, Darby's Motion to Vacate the July 31, 2020 Order allowing the appellate record to be supplemented is granted, save for its allowance of corrected minutes from the November 18, 2019 hearing.

***Darby's Motion to Strike Vallere's Appellant Brief***

Darby objects to Vallere's Appellant Brief on the grounds that it contains repeated references to facts and evidence not part of the record on appeal, irrespective of whether this court allows Vallere's supplementation of the record to stand. Darby submits that eight of the twenty-three pages of Vallere's brief make such inappropriate references.

The trial court did not allow Vallere to present oral argument or evidence at the November 18, 2019 hearing on Darby's exceptions to his Petition to Annul because of his tardiness in filing his opposition. Uniform Rules, Courts of Appeal, Rule 2-12.13 provides that "[b]riefs not in compliance with these Rules may be stricken in whole or in part by the court, and the delinquent party or counsel of record may be ordered to file a new or amended brief." We will not allow Vallere to get in through the back door evidence and argument which he was prevented from presenting in the trial court. Thus, we sustain Darby's Motion to Strike from

4

Vallere's Appellant Brief all references to facts and evidence outside of the record on appeal.

***Darby's Peremptory Exceptions***

"[T]he peremptory exception's function is to have plaintiff's action declared legally non-existent, or barred by effect of law." *Eastlake Trading Co., Inc. v. Iberia Trading Co., Inc.*, 398 So.2d 1146, 1149 (La.App. 4 Cir. 1980) (on rehearing), *writ denied*, 401 So.2d 977 (La.1981).

As previously mentioned, Vallere did not appeal the 2018 Judgment on Darby's Declaratory Judgment Petition.[7] Instead, more than one year after its rendition, Vallere filed a Petition to Annul[8] the 2018 Judgment. Therein, Vallere admitted that he was served with Darby's Declaratory Judgment Petition and with a citation ordering him to file a pleading within fifteen days, failing which judgment could be entered against him. Vallere also admitted that he received notice to appear at a July 16, 2018 hearing to show cause why a Declaratory Judgment should not be issued as prayed for by Darby. Vallere characterized Darby's Declaratory Judgment Petition as a "boundary action[,] an ordinary proceeding."[9] Citing La.Code Civ.P. art. 2002(A)(2),[10] he contended that Darby should have obtained a preliminary

---

[7] Louisiana Code of Civil Procedure art. 1871, titled "Declaratory Judgments; scope" provides:

> Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.

[8] Vallere's pleading was titled "Petition to An-null [sic] Declaratory Judgment and Injunctive Relief." We will refer to it as the "Petition to Annul."

[9] *See* La.Code Civ.P. art. 3691.

[10] Louisiana Code of Civil Procedure Article 2002(A) provides that "[a] final judgment shall be annulled if it is rendered . . . (2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against who a valid final default judgment has not been taken."

default and waited two judicial days before seeking judgment on his petition. Vallere admits, however, that after the 2018 Judgment was signed, he paid the court costs assessed in the judgment. He argued that such payments did not signal his "voluntary acquiescence in the judgment," because they were made under duress "as demand[ed] by counsel for . . . Darby." In the Petition to Annul's prayer for relief, Vallere asked that the 2018 Judgment be annulled and that the trial court "appoint a surveyor [and] fix the boundaries of the land owned by the parties." On appeal, Vallere contends that his "petition to annul the declaratory judgment is not the same as the first litigation and cannot be barred by res judicata[, a]s it relates to Vallere's request to have the boundary set."

In response to Vallere's Petition to Annul, Darby asserted Peremptory Exceptions of No Cause of Action, No Right of Action, and Res Judicata. Therein, he averred that Vallere admittedly did not show up at the July 2018 hearing, despite having acknowledged that he was properly served with citation and notice. Darby rejected Vallere's contention that he was required to seek a preliminary default before obtaining a final judgment on his Declaratory Judgment Petition. In that vein, Darby posited that said petition was a petitory action[11] in which he "claimed a real right to immovable property[, through thirty years adverse possession,] against Vallere who also claimed the ownership thereof." Darby then referred the trial court to La.Code Civ.P. art. 3654 which specifically allows for the filing of a declaratory judgment to resolve the issue of ownership of immovable property. *See Prince v. Palermo Land Co., Inc.*, 05-1399 (La.App. 3 Cir. 5/3/06), 929 So.2d 831 (this court affirmed a declaratory judgment declaring plaintiffs to be owners of property

---

[11] Louisiana Code of Civil Procedure Article 3651 states that "[t]he petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership."

through acquisitive possession of thirty years); *United Cos. Fin. Corp. v. Austin*, 618 So.2d 7, 8 (La.App. 3 Cir. 1993) ("A person who is in possession of immovable property may institute an action for declaratory judgment for the recognition of his ownership against a person who claims ownership of the same property.") Based on the forgoing law, Darby asserted that Vallere had no cause of action to annul the 2018 Judgment under La.Code Civ.P. art. 2002(A)(2).

Citing La.Code Civ.P. art. 2003,[12] Darby averred that, even if this court were to assume that Vallere had stated a valid cause of action to annul the 2018 Judgment, Vallere had no right to bring such an action as he voluntarily paid the court costs and expert fees assessed against him in that judgment.

Finally, Darby insisted that, on the face of Vallere's Petition to Annul, it is clear that: 1) the 2018 Judgment was valid; 2) the 2018 Judgment is final; 3) the parties in both his Declaratory Judgment Petition and Vallere's Petition to Annul are the same; 4) and because Vallere "seeks to be declared owner of the same disputed immovable and movable property determined in the [2018] judgment," Vallere's cause of action necessarily existed when final judgment was rendered in the first litigation and the cause of action asserted by Vallere necessarily arose out of the transaction or occurrence that was the subject matter of the first litigation. Accordingly, Darby submitted that Vallere's "causes of action [] are subject to res judicata and should be dismissed with prejudice."

Vallere's opposition to Darby's exceptions were stricken from the record as untimely, and he was not allowed to present oral argument or evidence at the November 18, 2019 hearing on Darby's exceptions. At the conclusion of the November 2019 hearing, the trial court issued the following ruling from the bench:

---

[12] "A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002." La.Code Civ.P. art. 2003.

7

I find that the Peremptory Exceptions of Res Judicata, No Cause of Action, and No Right of Action are well founded. The attempting to annul the Declaratory Judgment at this point, it was a Final Judgment, it wasn't a confirmation. The remedy for the defendant was to appeal that action. He chose not to do so, for whatever reason. In addition, I do find that he acquiesced in the Judgment, by paying things that the Judgment called for. That is an acquiescence on his part. As a result, he can't come in now and claim that the Judgment should be annulled. I think he's precluded from doing so under the law, with his voluntary acquiescence, by paying expert fees, court costs, by removing matters that were part of that Judgment, by a letter that he issued to the defendant (sic), accepting responsibility for paying for the fence that was cut. This is all part of it. The Exception of Res Judicata is well maintained. These are the same parties, these are the exact same issues. We're not going to come in now and litigate the same issues. It's the same property.

By judgment dated December 13, 2019, the trial court sustained Darby's exceptions and dismissed Vallere's Petition to Annul with prejudice.

## A. No Cause of Action

"A court appropriately sustains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law." *City of New Orleans v. Bd. of Dirs. of La. State Museum*, 98-1170, p. 10 (La. 3/2/99), 739 So.2d 748, 756.

No evidence may be introduced to support or refute the assertion that the petition does not state a cause of action. La.Code Civ.P. art. 931. Whether a cause of action exists is a question of law and on appeal is reviewed de novo. *Peters v. Allen Parish Sch. Bd.*, 08-323 (La.App. 3 Cir. 11/5/08), 996 So.2d 1230. If, after accepting all facts in the petition as true, "the petition alleges sufficient facts to establish a case cognizable in law, an exception of no cause of action must fail." *Jones v. Tezeno*, 99-1693, p. 4 (La.App. 3 Cir. 3/1/00), 758 So.2d 896, 899.

*Noel v. Noel*, 15-37, pp. 5-6 (La.App. 3 Cir. 5/27/15), 165 So.3d 401, 408, *writ denied sub nom.*, *Noel, Jr. v. Noel, Sr.*, 15-1121 (La. 9/18/15), 178 So.3d 147.

After performing a de novo review of Darby's Declaratory Judgment Petition in light of the foregoing law, we are convinced that Darby was allowed to seek a declaratory judgment to have the trial court determine the ownership of the land

8

claimed by him and Vallere. He was not required to obtain a default judgment before proceeding to the merits of his claim against Vallere. Despite his being aware of the action pending against him and the date upon which the action was being heard by the trial court, Vallere chose not to file any pleadings or to appear at court to challenge Darby's pleadings, arguments, and evidence. Additionally, Vallere failed to appeal the 2018 Judgment. Our supreme court has stated that the declaratory judgment "articles are remedial in nature and must be liberally construed." *Stoddard v. City of New Orleans*, 246 La. 417, 423, 165 So.2d 9, 11 (1964). Accordingly, we conclude that Vallere failed to state a cause of action as to why the 2018 Judgment should be annulled under La.Code Civ.P. art. 2002(A)(2).

## B. *No Right of Action*

> The peremptory exception of no right of action functions as a test of whether the plaintiff has a real and actual interest in the action. La. C.C.P. art. 927. The determination of whether a plaintiff has a right of action is a question of law, which the appellate court reviews de novo. *Khoobehi Props., LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 296, *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288. In examining an exception of no right of action, a court focuses on whether a plaintiff belongs to a particular class of persons to whom the law grants the cause of action asserted in the suit, and the court assumes that the petition states a valid cause of action. *Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n*, 94-2015 (La. 11/30/94), 646 So.2d 885. Evidence supporting or controverting an exception of no right of action is admissible. La. C.C.P. art. 931. However, in the absence of evidence to the contrary, the averments of fact in the pleadings will be taken as true. *Denoux v. Vessel Mgmt. Servs.*, 07-2143 (La. 5/21/08), 983 So.2d 84, 88; *State v. AstraZeneca AB*, 16-1073, (La. App. 1 Cir. 4/11/18), 249 So.3d 38. Determination of whether a plaintiff has a right of action is a question of law. *Id.*

*Woods v. Robinson*, 18-145, pp. 8-9 (La.App. 5 Cir. 9/19/18), 256 So.3d 409, 416.

Vallere argues on appeal that when he paid the 2018 Judgment presented to him by Darby, he was unrepresented by counsel and thus the payment was made for fear of the future consequences he would face if he chose to ignore the judgment. Vallere further contends that he paid the costs of the judgment against him while

"still asserting that he was the rightful owner of the property[.]"  Vallere fails to offer any statutory or jurisprudential support for his arguments.

Darby reiterates that Vallere's "allegations of duress and involuntary payment . . . are unsupported by any testimony or facts in evidence."  He submits that Vallere's complaints are inconsistent with correspondence he sent to Darby wherein he stated, "I have accept [sic] the responsibility of paying for the fence that I cut which was the partial fence."[13]  Finally, Darby notes that any so-called duress that occurred after the rendition of the 2018 judgment cannot serve as a basis to annul it.

As previously noted, if a defendant voluntarily acquiesces in a judgment, he may not attempt to have it annulled for the reasons listed in La.Code Civ.P. art. 2002. *See* La.Code Civ.P. art. 2003.  Moreover, our supreme court long ago stated that:

> Threats of legal process is not duress, for the party may plead and make proof and show he is not liable.  There is no principle of law better settled than that money voluntarily paid with knowledge of the facts cannot be recovered back.  If in every instance in which a man is in doubt as to which is the safe course to pursue, he can pay under protest and then sue to recover back, it is difficult to see where litigation is to end.  The law therefore wisely holds that a voluntary payment cannot be recovered back.
>
> "A mere declaration by one at the time he pays money that the payment is made 'under protest' does not show that the payment is not voluntary." 3 Words and Phrases, Second Series, "Payment and Protest," page 1313.

*Hicks v. Levett*, 19 La.App. 836, 845, 140 So. 276, 282 (1932).

After having performed a de novo review of the record evidence, we are satisfied that Vallere's payment of the court costs of the judgment was voluntary. The law is clear that a defendant may not fail to appeal a judgment rendered against him, voluntarily pay the judgment, and then attempt to have the judgment annulled. We conclude that the trial court properly granted Darby's exception of no right of action.

---

[13] See Exhibit E to Darby's memorandum in support of peremptory exceptions.

10

## C. Res Judicata

The doctrine of res judicata in Louisiana is set forth in La.Rev.Stat. 13:4231, which was amended in 1990 to provide as follows:

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Based on the language of the above statute, this court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: "(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation." *Burguieres v. Pollingue*, 02–1385, p. 7 (La.2/25/03), 843 So.2d 1049, 1053. Since the 1990 amendment to the res judicata statute, this court considers the "chief inquiry" to be "whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id.*

*Chevron U.S.A., Inc. v. State*, 07-2469, p. 10 (La. 9/8/08), 993 So.2d 187, 194. "Res judicata promotes the dual purposes of judicial efficiency and the final resolution of disputes by preventing needless relitigation." *McCalmont v. McCalmont*, 19-738, p. 7 (La.App. 3 Cir. 4/29/20), 297 So.3d 1057, 1064. "The standard of review of a

11

peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct." *Id.* at 1063 (quoting *Fletchinger v. Fletchinger*, 10-474, p. 4 (La.App. 4 Cir. 1/19/11), 56 So.3d 403, 405. "[T]he doctrine of *res judicata* is *stricti juris* and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application." *Id.*

Vallere's contention on appeal appears to be that his "petition to annul the declaratory judgment is not the same as the first litigation and cannot be barred by res judicata[,]" because it is his, rather than Darby's, "request to have the boundary set." This is simply a misinterpretation of the law. Vallere is clearly seeking the same relief as Darby did in his Declaratory Judgment Petition. The only difference is that he wishes to have judgment rendered declaring him, rather than Darby, to be the owner of the land in question. In other words, Vallere simply wants a different outcome. We are convinced that Vallere's Petition to Annul was properly barred by res judicata and the trial court did not err in dismissing that action with prejudice.

### *Dismissal of Vallere's Petition to Annul*

Louisiana Code of Civil Procedure Article 934, titled "Effect of sustaining peremptory exception," provides as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

As Darby correctly points out, "although La.Code Civ.P. art. 934 does not explicitly say that a dismissal pursuant to the grant of a peremptory exception should be with prejudice, the peremptory exceptions are intended to *preclude* a right of action." *Springer v. Nannie O'Neal Senior Apartments*, 14-1125, p. 7 (La.App. 3 Cir. 4/1/15), 162 So.3d 710, 716, *writ denied sub nom. Springer v. Nannie O'Neal*

12

*Sr. Apartments*, 15-858 (La. 6/5/15), 171 So.3d 951. The trial court dismissed Vallere's Petition to Annul upon its granting of all three of the peremptory exceptions asserted by Darby. Vallere did not ask to amend his pleadings, and we conclude that no amendment could have removed the grounds of Darby's exceptions. Thus, the trial court did not err in dismissing Vallere's Petition to Annul with prejudice.

## DECREE

The supplementation of the appellate record to include the corrected minutes from the November 18, 2019 hearing is allowed. In all other respects, Frank Darby Jr.'s Motion to Vacate the July 31, 2020 Order allowing the appellate record to be supplemented is granted.

Darby's Motion to Strike from Vallere's Appellant Brief all references to facts and evidence outside of the record on appeal is sustained.

The judgment of the trial court granting Darby's peremptory exceptions of no right of action, no cause of action, and res judicata is affirmed. All costs of this appeal are assessed against Daniel Vallere.

**AFFIRMED.**