982 So.2d 173 (2008)
M. HAYES & ASSOCIATES REALTY CO., L.L.C.
v.
Burnell K. MOLIERE and A.M.E. Services, Inc.
No. 07-CA-891.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Mark C. Dodart, Neil C. Abramson, Phelps Dunbar LLP, New Orleans, LA, for Plaintiff/Appellant, M. Hayes & Associates Realty Co., L.L.C.
Mark A. Balkin, Joseph C. Chautin, III, Hardy, Carey, Chautin & Balkin, LLP, Mandeville, LA, for Defendants/Appellees, Burnell K. Moliere and A.M.E. Services, Inc.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
This is an appeal in a suit for breach of contract arising out of the award of a FEMA services contract. The plaintiff appeals a judgment that denied the defendants' exception of vagueness, but granted their exception of no cause of action as to one defendant. We affirm in part, reverse in part, and remand.
FACTS
M. Hayes & Associates Realty Co., L.L.C. (hereafter "MH & A") filed suit on *175 April 16, 2007. The petition made the following allegations:
MH & A was a partner with A.M.E. Services, Inc. ("AME"), Burnell K. Moliere ("Moliere"), and others in a successful bid to provide services under a Federal Emergency Management Services ("FEMA") contract. In connection with the contract, MH & A, AME, and/or Moliere agreed that the maintenance portion of the FEMA contract was to be subcontracted to MH & A. Pursuant to that agreement, MH & A expended considerable resources to fulfill its contractual obligations, including establishing a management team, securing necessary lines of credit and insurance coverages, and securing local vendors to fulfill work orders. In May 2006, AME and/or Moliere offered to buy out MH & A's subcontract obligations for a payment of $500,000.00, which was to be made in March of 2007. MH & A accepted that offer. The offer subsequently was repeatedly reaffirmed by AME and/or Moliere, who made numerous representations that the money would be paid no later than March 2007. AME and Moliere, however, failed to honor the $500,000.00 payment, resulting in MH & A's filing suit.
MH & A asserted a claim against the defendants for fraudulent inducement to contract, alleging the defendants made blatant misrepresentations without any intention of allowing MH & A to participate in the contract, and that the FEMA contract would not have been awarded without the participation of MH & A; that the defendants made blatant misrepresentations to induce MH & A to enter into the buyout agreement, without any intention of making payment on it, causing MH & A to sustain a significant monetary loss; that the defendants acted with the intent to obtain an unjust advantage over MH & A and to cause damage and inconvenience to MH & A; and that the misrepresentations and actions of the defendants caused MH & A to forego other viable economic opportunities, which resulted in significant monetary loss and damage to MH & A. MH & A sought damages, attorney's fees, interest, and "other relief to be proved at the trial."
Attached to the petition were the following exhibits:
1. Exhibit A, consisting of two letters:
a. A letter dated May 16, 2006, on stationery of A.M.E. Services, Inc., directed to "Michael Hayes, M. Hayes & Associates Realty Co." and signed "Burnell K. Moliere, President," "initiating a one-time payout" to MH & A "from the anticipated proceeds of the endeavor in the non-negotiable amount of $500,000.00" [emphasis in original];
b. A letter dated June 2, 2006, on stationery of The Hayes Group, LLC, directed to "Burnell K. Moliere, A.M.E. Services, Inc." and signed "Elvin E. Hayes, Appointed Agent on behalf of M. Hayes & Assoc. Realty Co., L.L.C.," advising, "The Company accepts your offer."
2. Exhibit B, consisting of a letter on stationery of The Hayes Group, LLC dated February 8, 2007, directed to "Burnell K. Moliere, A.M.E. Services, Inc." and signed "Elvin E. Hayes," advising that the sender wanted to make sure the payout of the FEMA contract was properly issued, and giving the name and address to which the payment should be issued.
In response to the petition, Moliere and AME filed exceptions of no cause of action and vagueness. They stated that plaintiff has no cause of action against Moliere, because even if Moliere performed each of *176 the actions alleged, "said actions were all performed in his capacity as President of AME," and he "cannot be held liable in his individual capacity for actions taken as President of a corporation." They also asserted the petition failed to state a cause of action for fraud, because La.C.C. art. 856 requires allegations of fraud to be pleaded with particularity.
Subsequently MH & A filed a motion for leave to file a first supplemental and amending petition. In the supplemental and amending petition, MH & A added the following allegations:
XIV.
On numerous occasions in January, February, and March of 2006, defendants Moliere and/or AME contacted MH & A and solicited MH & A's partnership in order to secure the FEMA contract.
XV.
On numerous occasions in January, February, and March of 2006, defendants [sic] Moliere warranted and agreed that in exchange for MH & A's participation in the FEMA contract bid process, that MH & A would receive the maintenance portion of the FEMA contract, if awarded, as well as share in the revenues generated by the work pursuant to the FEMA contract.
XVI.
Once the FEMA contract was awarded, defendant Moliere and/or AME, in an effort to maximize their own profit from the FEMA contract, proposed the March 2007 $500,000.00 buy-out to MH & A, which buy-out offer was accepted.
XVII.
Elvin Hayes, the duly authorized agent for MH & A, spoke with defendant Moliere by telephone on May 16, 2006, May 19, 2006, May 23, 2006, June 1, 2006, June 22, 2006, July 20, 2006, July 31, 2006, October 11, 2006, October 12, 2006, December 5, 2006, December 6, 2006, December 19, 2006, and February 8, 2007. During these conversations, Moliere fraudulently represented to Elvin Hayes that "everything was on schedule" with the $500,000.00 payment and that the $500,000.00 payment would be made in March of 2007.
XVIII.
On February 8, 2007 Elvin Hayes sent a letter to defendants Moliere and AME, confirming the defendants' representation that the $500,000.00 payment would be made in March of 2007.
XIX.
Only five days later, on February 13, 2007, Moliere and AME sent a letter to MH & A advising that AME would not honor the $500,000.00 payment obligation and would breach the buy-out contract.
XX.
In a subsequent letter dated March 12, 2007, Moliere and AME attempted to characterize the $500,000.00 payment obligation as a gratuitous payment, evidencing that there was never an intention on the part of the defendants to make the payment in the first instance and that they fraudulently induced MH & A to enter into both the maintenance contract and the buy-out agreement.

*177 XXI.
MH & A had other significant business opportunities available during the months that followed Hurricane Katrina. However, because of the representations and offers made by Moliere and/or AME  which representations were clearly fraudulent  MH & A bypassed those other opportunities and sustained significant economic loss as a result.
MH & A filed an opposition to the exceptions, asserting that Moliere is personally liable for his acts because he engaged in fraud, by fraudulent misrepresentations to MH & A in the course of securing the FEMA contract and thereafter in connection with the buyout agreement. MH & A also asserted that its supplemental and amending petition pleaded fraud with particularity, so that the exception of vagueness was moot.
The trial court rendered judgment on the exceptions on July 12, 2007. The court dismissed the exception of vagueness as moot. The court granted the exception of no cause of action as to Moliere, dismissing him from the matter. The court granted AME additional time to file responsive pleadings.
In written Reasons for Judgment, regarding the exception of vagueness the court found that the deficiencies of the original petition were cured by the filing of the first supplemental and amending petition, so the exception of vagueness was moot.
With respect to the exception of no cause of action as to Moliere, however, the court found as follows:
[A]ll acts and actions alleged to have been made by Mr. Burnell K. Moliere were done in furtherance of the business of and as representative of defendant, A.M.E. Services, Inc. The fact that he was the President of said entity does not cause him to lose the protection of the corporation as provided by law. Review of the cases cited by plaintiff in its opposition to said exception show the cases to be distinguishable from the instant case in its current posture. Therefore, the Court will agree with defendants and will grant the exception of no cause of action as to Mr. Burnell K. Moliere.
MH & A has appealed, asserting that the district court erred in granting the exception of no cause of action because "[t]he pleadings and supporting documentation in the record establish that MH & A pled fraudulent inducement to contract with specificity, that Moliere, an AME corporate officer, committed the fraudulent acts, and that Moliere's fraudulent acts could not, by law, be authorized by AME such as to provide him with immunity from suit."
Moliere and AME have answered the appeal. They seek reversal of the ruling that the first supplemental and amending petition rendered the exception of vagueness moot. They assert that MH & A failed to plead fraud with particularity, and the trial court erred in finding the amended petition corrected the pleading deficiency. Even if MH & A did sufficiently plead fraud, they assert the allegations do not support a claim against Moliere individually.
LAW AND ANALYSIS
The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails *178 to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court . . . should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. [Citations omitted.]
Fink v. Bryant, XXXX-XXXX, pp. 3-4 (La.11/28/01), 801 So.2d 346, 348-349.
The general rule is that corporations are distinct legal entities, separate from the individuals who comprise them, and that the shareholders and officers are not liable for the debts of the corporation. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1167 (La.1991).
Louisiana corporation law does impose certain duties on officers and directors. However, generally, these duties are considered to be owed to the corporation, rather than to third parties. When officers and directors transact with third parties in the course and scope of their employment, the law treats them as agents, limiting their personal liability. Accordingly, under Louisiana law governing mandataries, it is the principal (the corporation) who is liable to third parties, rather than the agent or mandatary (the officer or director). The officer or director is personally liable only in certain limited circumstances. [Footnotes and citations omitted.]
Alvis v. CIT Group Equipment Financing, Inc., XXXX-XXXX, pp. 2-3 (La.App. 3 Cir. 3/3/04), 867 So.2d 102, 104.
Louisiana courts are very hesitant to hold a shareholder, officer or director personally liable for corporate obligations. This is especially true when the parties contract with each other as corporations. La.R.S. 12:93(B). However, there is an exception where fraud or deceit has been perpetrated through the corporation. La.R.S. 12:95 provides:
Nothing in this Chapter shall be construed as in derogation of any rights which any person may by law have against a promoter, subscriber, shareholder, director or officer, or the corporation, because of any fraud practiced upon him by any of such persons or the corporation, or in derogation of any right which the corporation may have because of any fraud practiced upon it by any of these persons.
Although in many cases the personal liability of a shareholder, director or officer is based upon both, a R.S. 12:95 action is separate from and does not require disregard of the corporate entity under the alter ego doctrine.
* * *
Fraud, as applied to contracts, is the perpetration of an error concerning a material part of a contract, created or continued by artifice, with design to obtain some unjust advantage or cause loss to the other party. La.C.C. art. 1847. The circumstances constituting fraud must be pleaded with particularity, but it may be proved by operation of presumptions. La.C.Civ.P. art. 856; La. C.C. art. 1848.
Lone Star Industries, Inc. v. American Chemical, Inc., 461 So.2d 1063, 1067 (La. App. 4 Cir.1984), writ denied, 465 So.2d 738 (La.1985).
"Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would *179 entitle him to relief." Fink v. Bryant, XXXX-XXXX at p. 4, 801 So.2d at 349.
Applying the above principles to the petition and the first supplemental and amending petition in this case, we find the plaintiff pleaded fraud as to Moliere personally with sufficient particularity to state a cause of action. The trial court erred in granting the exception of no cause of action regarding Moliere.
With respect to the answer to the appeal by AME and Moliere, we find the trial court did not err in denying the exception of vagueness. Any vagueness in the original petition was cured by the first supplemental and amending petition.
DECREE
For the foregoing reasons, the judgment is affirmed as to the denial of the exception of vagueness, reversed as to the granting of the exception of no cause of action, and the matter is remanded for further proceedings. Costs of this appeal are assessed against the defendants-appellees, A.M.E. Services, Inc. and Burnell K. Moliere.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.