STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 1170

SHEKINAH GLORY MINISTRIES

VERSUS

ONE WAY DELIVERANCE MINISTRY, ET AL.

Judgment Rendered: **APR 2 0 2023**

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 713160

The Honorable Trudy M. White, Judge Presiding

| | |
|---|---|
| Lon E. Roberson<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant,<br>Shekinah Glory Ministries |
| Brian D. Katz<br>New Orleans, Louisiana | Counsel for Defendants/Appellees,<br>One Way Deliverance Ministries<br>and Barbara Rogers |

BEFORE: GUIDRY, C.J., WOLFE, AND MILLER, JJ.

Wolfe, J. concurs

**MILLER, J.**

The plaintiff/appellant, Shekinah Glory Ministries, appeals a judgment of the Nineteenth Judicial District Court sustaining the peremptory exception of no cause of action in favor of the defendant/appellee, Barbara Rogers, in her individual capacity, and dismissing Barbara Rogers, in her individual capacity, from the lawsuit. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

In 2020, Shekinah Glory Ministries ("Shekinah") attempted to lease two buildings and all related parking from One Way Deliverance Ministries ("One Way"). Throughout the lease negotiations, Shekinah was represented by Debra Eackles, and One Way was represented by Barbara Rogers ("Rogers"). In contemplation of the lease, Shekinah paid a total of $21,500 to One Way which included a deposit of $11,500, and $10,000 for the first month of rent. However, Shekinah was prevented from taking possession of the property, and One Way refused to return the $21,500 to Shekinah.

On November 10, 2021, Shekinah filed a petition for damages against One Way, Rogers, Latter & Blum, Inc., and Millicent Van Norden.[1] Shekinah contended that it was One Way's "fault" that the lease was not finalized. Specifically, Shekinah asserted that the property was not ready for occupancy on the date agreed upon by the parties, the attempts to obtain an occupancy permit failed due to incomplete electrical work, and movable property was not timely removed.

Rogers filed an exception of no cause of action on January 6, 2022. She contended that Shekinah did not allege any cause of action against her, other than that she acted as an agent for One Way. Rogers asserted that the fact that she was

---

[1] Millicent Van Norden of Latter & Blum, Inc. was the broker of the lease.

2

the agent for One Way during the lease negotiations did not attach liability to her individually.

On March 9, 2022, Shekinah filed a motion for leave to amend its petition for damages, which was granted by the trial court on March 10, 2022. Shekinah's amended petition for damages contained new allegations against Rogers. Shekinah contended that Rogers, in her capacity as an agent of One Way, and in her individual capacity, committed fraud. Shekinah further argued that the deficiencies noted in Rogers's exception of no right of action were cured by the amended petition for damages. In response, Rogers contended that the new allegations contained in the amended petition did not convey any liability on Rogers, individually, since she was a representative of One Way and there are no allegations that she acted on her own behalf. She further alleged that Shekinah's allegations of fraud were not sufficient because they were not alleged with particularity.

At the hearing on the exception, the trial court found that Rogers met her burden because Shekinah failed to allege factual details that support a claim of liability against Rogers, in her individual capacity. The trial court stated that Shekinah's amended petition was mostly conclusory statements with little factual support. On May 4, 2022, the trial court signed a judgment sustaining the exception of no cause of action in favor of Rogers, in her individual capacity, and dismissing Rogers, in her individual capacity, from the lawsuit. It is from this judgment that Shekinah appeals.

## ASSIGNMENTS OF ERROR

Shekinah contends the trial court erred in sustaining the exception of no cause of action in favor of Rogers, in her individual capacity, and dismissing the action against her and the trial court erred in not allowing Shekinah an opportunity to file a second amended petition.

3

## STANDARD OF REVIEW

In ruling on an exception of no cause of action, the trial court must determine whether the law affords any relief to the claimant if he were to prove the factual allegations in the petition and annexed documents at a trial. Adams v. Owens-Corning Fiberglas Corporation, 2004-1296 (La. App. 1st Cir. 9/23/05), 921 So. 2d 972, 975, writ denied, 2005-2501 (La. 4/17/06), 926 So. 2d 514. An exception of no cause of action is triable solely on the face of the petition and any annexed documents thereto. See La. C.C.P. art. 931; Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc. "Capfund," 2019-1516 (La. App. 1st Cir. 12/30/20), 318 So. 3d 939, 945. For purposes of the exception, the well-pleaded facts in the petition and in any documents annexed to the petition must be accepted as true. Dodson & Hooks, 318 So. 3d at 944; see La. C.C.P. arts. 853, 927 and 931. The burden of demonstrating that no cause of action has been stated is on the party raising the objection. Dodson & Hooks, 318 So. 3d at 944.

In reading a petition to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Adams, 921 So. 2d at 975-76. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Id. at 976. The petition must set forth material facts upon which the cause of action is based. La. C.C.P. art. 891(A); Lambert v. Riverboat Gaming Enforcement Div., 1996-1856 (La. App. 1st Cir. 12/29/97), 706 So. 2d 172, 175, writ denied, 1998-0297 (La. 3/20/98), 715 So. 2d 1221. The correctness of conclusions of law is not conceded for the purposes of a ruling on an exception of no cause of action. Christian Schools, Inc. v. Louisiana High School Athletic Association, 2020-0762 (La. App. 1st Cir. 5/18/22), 342 So. 3d 1068, 1075, writ denied, 2022-01015 (La. 10/12/22), 348 So. 3d 78. On appeal, the

reviewing court conducts a *de novo* review of a trial court's ruling sustaining an exception of no cause of action, since the exception raises a question of law. Id.

## DISCUSSION

Shekinah contends that the trial court erred in sustaining the exception of no cause of action because it did not consider the facts stated in the amended petition. In response, Rogers argues that she was acting as an agent for One Way when she signed the lease on behalf of One Way, so Shekinah has no cause of action against Rogers, in her individual capacity. We will consider the petition and amended petition filed by Shekinah in conducting our *de novo* review. There are no annexed documents to review.

In its petition, Shekinah alleged that One Way is a nonprofit corporation and that One Way appointed Rogers as its agent for service of process. The petition further alleges that Rogers represented One Way in the lease negotiations. Thereafter, in its amended petition, Shekinah alleged that Rogers, in her capacity as an agent for One Way, and in her individual capacity, committed fraud by utilizing the following deceitful practices:

> (A) The premises at issue herein had known extensive electrical problems that the above referenced defendants failed to remedy prior to the plaintiff, **SHEKINAH GLORY MINISTRIES** attempted to take possession of said premises.
>
>> a. The defendants knew or should have known that the electrical problems would prevent the plaintiff from obtaining an occupancy permit which was a requirement of fulfilling the lease.
>
> (B) Additionally, in the process of obtaining an insurance binder which was also a condition of the lease agreement, **BARBARA ROGERS** personally contacted the insurance agent asking him not to issue an insurance binder to **SHEKINAH GLORY MINISTRIES.**
>
> (C) Furthermore, the gym, which is part of the property to be leased, was full of furniture owned by **BARBARA ROGERS** which had not been removed by the time the lease was to commence. This prevented plaintiff from occupying the premises.

(D) The conduct of **BARBARA ROGERS** . . . amounted to a scheme to keep all funds deposited by the plaintiff contending that the plaintiff breached the agreement to lease.

(E) **BARBARA ROGERS** negotiated with the plaintiffs and operated in such a manner that the management of the corporation suited her alter ego.

(F) Therefore, **BARBARA ROGERS** should be held personally liable by piercing the corporate veil.

Initially, we note that the pleadings contain allegations regarding piercing the corporate veil and the alter ego doctrine as though Rogers is a shareholder, director, or officer of One Way. See Winn Fuel Service, Inc. v. Booth, 45,207 (La. App. 2nd Cir. 4/14/10), 34 So. 3d 515, 519 (stating that "[p]iercing the corporate veil applies to shareholders, directors, and officers."). Corporations are distinct legal entities, separate from the individuals who comprise them. See La. C.C. art. 24. Generally, unless the directors or officers of a corporation purport to bind themselves individually, they do not incur personal liability for corporate debts. Terrebonne Concrete, LLC v. CEC Enterprises, LLC, 2011-0072 (La. App. 1st Cir. 8/17/11), 76 So. 3d 502, 508, writ denied, 2011-2021 (La. 11/18/11), 75 So. 3d 464. When officers and directors transact with third parties in the course and scope of their employment, the law treats them as agents, limiting their personal liability. M. Hayes & Associates Realty Co., L.L.C. v. Moliere, 2007-891 (La. App. 5th Cir. 3/11/08), 982 So. 2d 173, 178.

However, neither the petition nor the amended petition allege that Rogers is a shareholder, director, or officer of One Way. They only allege that she is an agent and an "apostle." Since Rogers is not alleged to be a shareholder, director, or officer, there is no reason to examine whether additional facts were alleged to state a cause of action under corporation law sufficient to pierce the corporate veil. Therefore, we must determine whether a cause of action has been stated against

6

Rogers, in her individual capacity, under any other theory. The cause of action Shekinah has alleged is one for fraud.

The pleadings, when accepted as true, establish that Rogers was One Way's agent. Agency is a contract by which a person, the principal, confers authority on another person, the agent, to transact one or more affairs for the principal.[2] See La. C.C. art. 2989. An agent who contracts in the name of the principal within the limits of her authority does not bind herself personally for the performance of the contract. See La. C.C. art. 3016. However, an agent becomes personally liable for the contracts of her principal by guaranteeing them personally, by exceeding her authority, and by failing to satisfy her disclosure duties. See La. C.C. arts. 3017-19.

It has long been recognized that one who contracts as an agent for another is bound personally if it develops that the other party to the contract was misled or deceived. Wilson Sporting Goods Co. v. Alwes, 21 So. 2d 102, 103 (La. App. 1st Cir. 3/5/45); see La. C.C. art. 3013. The law of agency offers no protection from tort liability when the agent commits the tort of fraud or the tort of intentional interference with a contract. See Alvis v. CIT Group Equipment Financing, Inc., 2003-1364 (La. App. 3rd Cir. 3/3/04), 867 So. 2d 102, 104. Nothing in agency law says that principals have the power to immunize their agents against tort liability for conduct that would otherwise be considered tortious, merely by authorizing it. 8 La. Civ. L. Treatise, Business Organizations § 33:10 (citing 9 to 5 Fashions, Inc. v. Spurney, 538 So. 2d 228, 234 (La. 1989)).

Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. La. C.C. art. 1953. Fraud may also result from silence or inaction. Id. In order to find fraud from silence or suppression of the truth, there must exist a duty to speak or disclose information. Boncosky Services, Inc. v.

---

[2] Under Louisiana law mandate is synonymous with agency and mandatary with agent. La. Prac. Employment Law, Agents/mandataries/representatives, § 1:6.

Lampo, 1998-2239 (La. App. 1st Cir. 11/5/99), 751 So. 2d 278, 287, writ denied, 2000-0322 (La. 3/24/00), 758 So. 2d 798. Mere silence or inaction without fraudulent intent does not constitute fraud. Fraudulent intent, or the intent to deceive, is a necessary and inherent element of fraud. See Whitehead v. American Coachworks, Inc., 2002-0027 (La. App. 1st Cir. 12/20/02), 837 So. 2d 678, 682. Fraud cannot be predicated upon mistake or negligence, no matter how gross. Schilling v. Bernhard Bros. Mechanical Contractors LLC, 2012-2105 (La. App. 1st Cir. 9/13/13), 186 So. 3d 658, 665, writ denied, 2013-2378 (La. 12/6/13), 129 So. 3d 537.

Shekinah alleges that Rogers committed fraud by failing to remedy electrical problems before Shekinah attempted to take possession of the lease; taking its money while knowing that the electrical problems would prevent Shekinah from obtaining an occupancy permit; contacting the insurance agent and asking him not to issue an insurance binder to Shekinah so that it could not gain occupancy; failing to remove furniture from the property in a timely manner; and engaging in conduct which amounted to a scheme to keep all funds deposited by Shekinah. Applying the above principals to the petition and amended petition, we find the plaintiff pleaded fraud as to Rogers personally with sufficient particularity to state a cause of action. Thus, we find that the trial court erred in sustaining the exception of no cause of action in favor of Rogers, in her individual capacity, and dismissing Rogers, in her individual capacity, from the lawsuit.[3]

**CONCLUSION**

The May 4, 2022 judgment sustaining the peremptory exception of no cause of action in favor of Barbara Rogers, in her individual capacity, and dismissing

---

[3] Since we have determined that the trial court erred in sustaining the exception of no cause of action in favor of Rogers, in her individual capacity, and dismissing Rogers, in her individual capacity, from the lawsuit, we pretermit discussion of the second assignment of error regarding an opportunity to file a second amending petition.

Barbara Rogers, in her individual capacity, is reversed. Costs of this appeal are assessed to Barbara Rogers, in her individual capacity.

**REVERSED.**